#### IN MAY TERM, 1810, IN THE THIRTY-FOURTH YEAR OF OUR INDEPENDENCE.

*Mr. Justice YATES was absent, during the greater part of the Term, in the Court of Exchequer.*

---

STAFFORD *against* THE MAYOR, ALDERMEN and COMMONALTY of the city of ALBANY.

THIS was an action of *assumpsit*. The declaration was of the term of *February*, 1809. It stated, that the act of the 4th *April*, 1801, did, by the 13th section thereof, (*Laws*, vol. 2. 153.) declare, that if the defendants should require the ground of any person for streets, &c. they should give him notice, and treat with widen a street, pursuant to the act of the 4th *April*, 1801, (24 sess. c. 153.) the declaration set forth the proceedings of the mayor's court, and the judgment of the court confirming the assessment; the defendants pleaded *nul tiel record*, on which issue was joined; and after a trial by record, it was held, that the issue was immaterial, and a *repleader* was awarded.

After the assessment of damages by the jury, in such case, and a judgment of confirmation thereon, the mayor's court cannot set a side the assessment and judgment, on the ground of a defect in the precept for summoning the jury.

*Margin note:*

NEW-YORK, May, 1810.

STAFFORD
v.
The MAYOR, &c. of ALBANY.

In an action of *assumpsit*, brought against the corporation of *Albany*, to recover the amount assessed by a jury, for ground taken to

VOL. VI.                A

him for the same ; and if he shall refuse to treat, the mayor, or recorder, and two aldermen should, by precept, summon a jury for the mayor's court, to inquire and assess the damages and recompense due to the owner, &c. and give notice, at the same time, to the owner, to attend, &c. and the jury are required to be sworn, and, having viewed the premises, if necessary, to assess the damages ; and the verdict of such jury, and the judgment of the court thereon, and the payment of the sum assessed, or a tender thereof, shall be binding against the owner, &c. and the defendants may convert the property, &c. And that, by the 22d section of the said act, (*Laws*, vol. 2. p. 158.) it was further declared, that after such damages should be ascertained, in manner aforesaid, the amount should be paid by the defendants, to the person entitled thereto, with interest, on demand. The plaintiff then averred, that the defendants did, on the 4th day of *October*, 1808, deem it necessary, in order to widen *Lydeus* street, to take a piece of ground belonging to the plaintiff, bounded, &c. and that after notice, and refusal to treat for the same, a process was issued, pursuant to the statute, to summon a jury, dated 4th *October*, 1808, to appear in the mayor's court, on the first *Tuesday* of *November*, 1808, to assess the damages and recompense due to the plaintiff ; that the said jury were impanelled and returned, and did, on that day, duly assess the damages to the plaintiff for the said land, to 815 dollars, which assessment was, by the said court, fully confirmed ; whereupon the defendants became liable to pay that sum, together with interest, when thereunto requested, and being so liable, they assumed, &c.

There were two other counts, more general, but to the same effect.

The defendants pleaded, to the first count, *no such record* of assessment and judgment, and to the other counts, *non assumpsit.*

The plaintiff replied to the first plea, that there is such a record of assessment and judgment, remaining in the mayor's court, and this he is ready to verify by the record, &c. On the trial, *by record*, at the last *November* term, the following *evidence* was given to the court.

1. The precept of the mayor and two aldermen, for the jury, dated 4th *October*, 1808.

2. The assessment of the jury, after a view of the premises, specified in the precept, at 815 dollars.

3. A rule for judgment, that the same be confirmed, and judgment thereon; all which appeared by the record of the proceedings in the mayor's court, on the first of *November*, 1808, held before the recorder.

4. Record of proceedings at a mayor's court, held before the recorder, the 7th *March*, 1809, in which the court say; it appearing to the court, that the common council did, on the 14th *March*, 1808, resolve that *Lydeus* street should be widened, and that certain ground therein specified should be taken for the purpose; and it further appearing, that the *venire*, issued as aforesaid, for the purpose of assessing the damages, did describe the ground, as therein specified; and it also appearing to the court, that the said *venire* was inconsistent with itself, in the description of the land, and that it departed from the requisitions of the common council, in comprehending, in some parts, more, and in some parts less ground, than was required by the resolution of the council; thereupon ordered, that the said *venire*, and all proceedings subsequent thereto, be set aside.

5. The affidavit of *Ebenezer Smith*, stating that he was one of the jury who made the valuation; that at the time of the *view*, the plaintiff informed the jury and the attorney for the defendants, that the quantity of land described in the *venire* would not be sufficient to form a straight line; that the city surveyor, since the assign-

ment, directed where to set a building for the plaintiff, and in doing so, he left the whole of the land taken by the defendants, from the plaintiff, in *Lydeus* street.

6. The affidavit of *E. Foote*, stating that this suit was commenced on the 30th *December*, 1808, which was prior to the application to set aside the proceedings in the mayor's court.

7. The affidavit of *William Fryer*, stating that about the 14th of *November* last, a petition was presented to the defendants, by *William M. Diamond*, representing, that according to the said assessment, the north side of *Lydeus* street would not be straight; that a survey was then made of that part of the street, and the map, according to which the assessment was made, was found to be incorrect.

*Foot*, for the plaintiff.

*Hoffman*, contra, cited *5 Com. Dig. Record*, (A.) 6 *Com. Dig.* 173. *Co. Litt.* 117. b. (s. 175.) 260. a. (s. 438.) *Fortescue's Rep.* 355. 5 *Comyns*, 402. *Pleader*, (E. 18.) *Co. Litt.* 303. a. 3 *Comyns*, 336, 337. 1 *Burr.* 568. 4 *Johns. Rep.* 136.

*Per Curiam.* The judgment of the mayor's court, in *March*, 1809, setting aside the assessment, and judgment thereon, by reason of some defect in the precept for summoning the jury, was not an act warranted by law. The statute does not require that the precept should specify particularly, by metes and bounds, the land to be valued. That was a matter resting in evidence, to be disclosed upon the trial. By the appearance of the parties at the trial, and by the view which the jury had, the mistakes, if any, in the precept, were waived; and especially, since the defendants, by their counsel, moved for judgment, in pursuance of the inquest found. The statute makes the assessment con-

clusive, and the rights of the parties were fixed when this suit was commenced. The subsequent interference of the court, in setting aside the inquisition, by reason of an alleged irregularity or defect in the precept, was unauthorized, and cannot affect the validity of the proceeding.

The plaintiff has not counted on these proceedings, as on a record, but as facts which give him a right to the sum assessed against the corporation. The plea of *nul tiel record* is, therefore, wholly inapplicable to the case, and the issue is immaterial. An immaterial issue is said to be, where that which is materially alleged by the pleadings, is not traversed, but an issue is taken on such a point as will not determine the merits of the cause. If this had been an issue to the country, according to the case of *Staple* v. *Hayden*, (2 *Salk.* 579.) a repleader could not be awarded, till after trial, because the fault of the issue might be helped by the statute of *jeofails;* but that principle not applying to an issue to the court, we are of opinion, that this issue being immaterial, a repleader must be awarded.

Repleader awarded.