MAYOR AND ALDERMEN OF MOBILE vs. RICHARDSON, et al.

Where the mayor and aldermen of a corporation, appropriated a certain amount
to the holders of real estate, as damages, for injury done to such estate, in
widening a street, held

First. That the consent of the holders of the real estate to receive the amount
appropriated, vested sufficient consideration, to support an action for the re-
covery of the amount.

Second. That the resolution of the corporation was an admission of the right
of the parties in the land appropriated.

This action was debt, brought by the defendants in
error, in the Circuit Court of Mobile, to recover an
amount of money, appropriated by the Mayor and Al-
dermen of that city to the defendants, as damages for
injury done to their real estate, in widening a street.

A judgment was had in favor of the plaintiffs be-
low, and on a bill of exceptions, the case was brought
into this Court : where the questions raised, were, as
to the sufficiency of the consideration between the
parties; and of the right of the plaintiffs in error to
to question the interest of the defendants, in the real
estate.

*Gordon*, for Plaintiffs—*Hall, contra.*

COLLIER, J.—The defendants in error brought this
action in the Circuit Court of Mobile against the plain-
tiffs in error.    On the trial, the defendants offered,
and read to the jury, without objection, the following
documentary proof.    " At an adjourned meeting of
" the Board of Mayor and Aldermen, convened the
" 5th day of June, 1827.    Present, John F. Everett,
" Mayor ;  Aldermen William R. Hallett, Richard G.

" Ryder Jesse Jayne, Philip McLoskey, Curtis " Lewis."

" The committee to whom was referred the subject of the claim for damages to land on Jackson street, between Government and Church street, by Thomas Richardson, junior, in consequence of altering said street in pursuance of the new survey of the city, respectfully report—that on a full examination of the subject, they are of opinion that the jury, who assessed the damages could not have had a correct view of the case before them, and that the damage sustained, is far greater than was assessed ; they are therefore, of opinion, that the proposition of Mr. Richardson, for himself and John French, is reasonable and just, with the exception of the costs of Court in said case, (Thomas Richardson, jr. *vs.* The Corporation,) and would recommend the adoption of a resolution to that effect.

(Signed,)     CURTIS LEWIS,     •
           R. G. RYDER, } Com'e."
           JESSE JAYNE,

" *Resolved,* That the report of the committee be concurred in, and that Thomas Richardson, jr. and John French have an order on the Treasurer for six hundred and sixty dollars seventy-five cents, in full of all claims."

On this proof, the Court instructed the jury, in substance, that a corporation must, in general, act in pursuance of the provisions of its charter; yet, although the jury might believe that the plaintiffs in error had not acted in pursuance of the provisions of the act of incorporation, still, if the land of the defendants in error had been appropriated by the plaintiffs for a public street, then ought the plaintiffs to pay for it, if they had made a promise to do so ; and fur-

ther that the resolve of the Board of Mayor and Aldermen, was to be considered as an admission of the defendants right to the land agreed to be paid for.

The assignment of error brings up for revision, the correctness of the instructions of the Court.

It is needless to consider the adaptation of the form of action to the proof. That point was not raised in the Court below, and is not now brought to the view of this Court. We therefore proceed to consider the sufficiency of the resolve of the Mayor and Aldermen to bind the corporation to the payment of the sum expressed in it. The consideration of this question necessarily brings into review, to some extent, the corporate powers of the plaintiff.

By the 15th section of an act passed on the 24th December, 1824, entitled, an act " to alter and amend the charter of incorporation of the city of Mobile," it is enacted, that that corporation shall have power to widen the streets, &c. within the city, provided, that no street, &c. then existing, shall be widened or extended, so as to infringe upon or interfere with any dwelling-house or other houses of any inhabitant of the city, without the consent of the owner or claimant thereof. *And provided further*, that in all cases where the location of any street, &c. may or shall, by the alteration of the same, prejudice the right or interest of any one, the clerk of the board, under the direction of the Mayor, &c. shall draw a jury of twelve freeholders to assess the damage, &c. This provision does not indicate with as much clearness as could be desired, the intention of the Legislature. It leaves it somewhat doubtful, whether it was designed to restrict the corporation in the acquisition of property for the purposes expressed in the act, to

the ascertainment of its value by a jury.   The literal sense of the second *proviso*, favors the idea that such was the intention of the Legislature, while the first is entirely adverse to it.   In this conflict of terms, in order to adjust the true meaning of the provision, we must look to the end contemplated by the grant of power it conveys, and enquire in what manner it can be most equitably exercised.

The improvement of the city, by adding to its health, comfort and beauty, and the facility of passage from one point to another was, doubtless, the inducement to the provision.

The right to appropriate private property for public purposes, against the consent of the owner, is one which appertains to every government, and has, *pro re nata*, been transferred to the plaintiffs.   But it is a right which should be exercised only in cases of real necessity.   The power of the law should never be called in aid to fix the value of private property, when its value can be ascertained by voluntary stipulation between the public and the individual.   It is only when the owner is perverse, and will not dispose of it for an equivalent, that coercive measures should be resorted to; when he himself fixes the price of his property, he parts with it the more willingly, and can not complain that it has been wrested from him by an act of *sheer power*.

It can not be that the consent of the owner, contemplated by the first proviso, is to be understood as meaning only, a gratuitous appropriation of property. There is no incongruity in the idea of a consent obtained by *purchase*, (*in its limited sense*) and in the cases in which it could be otherwise acquired, must be of rare occurrence.   The reason of the thing

then, in the absence of language strongly opposing, would authorise the inference, that it was competent for the plaintiffs to acquire a right to real property, under this provision, either by gift, or by a voluntary or forced sale.

Upon the assumption, that the value of the defendants' property has been assessed by a jury, it is argued for the plaintiffs, that it was incompetent for the board of Mayor and Aldermen to have set aside the assessment, and pass the resolution on which this action is founded. If the plaintiffs, without the consent of the defendants, had set aside the assessment, and such an argument had proceeded from the defendants, it would have been entitled to much consideration. The authorities to which we have been cited by the plaintiffs' counsel, upon this point, furnish cases in which the parties, in whose favor the assessments were made, were endeavoaing to affirm them against the consent of the corporation, and hence, can not be received as authority to sustain the argument.[a]

[a]6 Johns.1. 7 ib. 540.

The right to contract without the intervention of a jury, includes the right to disregard their finding, and proceed as if they had never been summoned : this is a proposition too clear for illustration.

The defendants then, having consented to receive the sum expressed in the resolution of the board of Mayor and Aldermen, as a compensation for their loss of property ; the right of the corporation to widen the street, to the defendants prejudice vested, and such consent, constitutes a sufficient consideration to authorise a recovery.

The Court was certainly correct in supposing that the report of the committee, and the resolve of the

corporation, was an admission of the defendants right to the land appropriated. If the admission was made under a wrong impression, the plaintiffs should have made it appear by proof.

We are of opinion that there is no error, and the judgment must be affirmed.

CRENSHAW, J. not sitting.