33 U.S. 118 (____)
8 Pet. 118
GEORGE BRISCOE AND OTHERS, PLAINTIFFS IN ERROR
v.
THE COMMONWEALTH'S BANK OF THE STATE OF KENTUCKY.
THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, PLAINTIFFS
v.
GEORGE MILN.
Supreme Court of United States.

*120 The case was argued by Mr White and Mr Wilde, for the plaintiffs in error; and by Mr Hardin and Mr Bibb, for the defendant.
GEORGE BRISCOE AND OTHERS, PLAINTIFFS IN ERROR v. THE COMMONWEALTH'S BANK OF THE STATE OF KENTUCKY.
THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, PLAINTIFFS v GEORGE MILN.
ON a certificate of division in opinion of the judges of the circuit court of the United States for the southern district of New York.
The plaintiffs instituted an action against the defendant, George Miln, in the circuit court, to recover certain penalties and forfeitures alleged to have been incurred by him for a violation of the provisions of an act of the legislature of the state of New York, entitled "an act concerning passengers in vessels coming to the port of New York," passed February 11th, in the year of our Lord 1824, by which it was, among other things, enacted, that every master or commander of any ship, or other vessel, arriving at the port of New York from any country out of the United States, or from any other of the United States than this state, shall, within twenty-four hours after the arrival of such ship or vessel in the said port, make a report, in writing, on oath or affirmation, to the mayor of the city of New York, or, in case of his sickness or absence, to the recorder of the said city, of the name, place of birth and last legal settlement, age and occupation of every person who shall have been brought as a passenger in such ship or vessel on her last voyage from *121 any country out of the United States into the port of New York or any of the United States, and from any of the United States other than this state, to the city of New York, and of all passengers who shall have landed, or been suffered or permitted to land from such ship or vessel, at any place during such her last voyage, or have been put on board, or suffered or permitted to go on board of any other ship or vessel with the intention of proceeding to the said city, under the penalty on such master or commander, and the owner or owners, consignee or consignees of such ship or vessel, severally and respectively, of seventy-five dollars for every person neglected to be reported as aforesaid, and for every person whose name, place of birth, and last legal settlement, age and condition, or either or any of such particulars, shall be falsely reported as aforesaid, to be sued for, and recovered as hereinafter provided. And further, that it shall be lawful for the said mayor, or, in case of his sickness or absence, for the said recorder to require, by a short indorsement on the aforesaid report, every such master or commander of any ship or vessel to be bound, with two sufficient sureties (to be approved by the said mayor or recorder), to the mayor, aldermen and commonalty of the city of New York, in such sum as the said mayor or recorder may think proper, not exceeding three hundred dollars for each passenger not being a citizen of the United States, to indemnify, and save harmless, the said mayor, aldermen and commonalty, and the overseers of the poor of the said city, and their successors, for all and every expense or charge, which shall or may be incurred by them for the maintenance and support of every such person, and for the maintenance and support of the child or children of any such person which may be born after such importation, in case such person, or any such child or children shall, at any time within two years from the date of such bond, become chargeable to the said city: and that if any such master or commander shall neglect or refuse to give such bond within three days after such vessel shall have so arrived at the said port of New York, every such master or commander, and the owner or owners, consignee or consignees of such ship or vessel, severally and respectively, shall be subject to a penalty of five hundred dollars for each and every person not being a citizen of the United States, for whom the mayor or recorder shall determine *122 that bonds should have been given as aforesaid, to be sued for and recovered as hereinafter provided. And further, that all and singular the aforesaid penalties and forfeitures shall and may be sued for and recovered, with full costs of suit, by action of debt, in any court having cognizance thereof, in the name of the said mayor, aldermen and commonalty.
To the declaration on this act the defendant entered a demurrer, and the case came on to be argued before the circuit court.
The judges of that court were divided in opinion on the following point, presented on the part of the defendant, and this division was certified to the supreme court.
"That the act of the legislature of the state of New York, mentioned in the plaintiff's declaration, assumes to regulate trade and commerce between the port of New York and foreign ports, and is unconstitutional and void."
The case was argued by Mr Ogden, for the plaintiffs; and by Mr Jones, for the defendants.
Mr Chief Justice MARSHALL delivered the opinion of the Court in this and the preceding case.
The practice of this court is, not (except in cases of absolute necessity) to deliver any judgment in cases where constitutional questions are involved, unless four judges concur in opinion, thus making the decision that of a majority of the whole court. In the present cases four judges do not concur in opinion as to the constitutional questions which have been argued. The court therefore direct these cases to be reargued at the next term, under the expectation that a larger number of the judges may then be present.
Note. Mr Justice JOHNSON and Mr Justice DUVALL were absent when these cases were argued.