## McCLURE et al. v. OWENS et al.

1. Decree: PARTIES. A decree against persons who are not parties to the proceedings in which it is rendered, is erroneous.

2. ―― ENTRY IN VACATION. A decree cannot be entered against parties in vacation without their consent.

3. Practice: QUESTIONS OF CONSTITUTIONAL LAW. Appellate courts will not decide questions of constitutional law, unless absolutely necessary, when for any reason the bench is not full; or when in the particular case all the judges cannot sit and assist in the determination.

*Appeal from Washington District Court.*

THURSDAY, JUNE 28.

PRACTICE: DECISIONS IN VACATION, &c.—Bill for injunction.  Answer by a portion of the defendants denying

many of the matters set up in the petition. Decree as prayed, and a portion of the defendants appeal.

*Grant & Smith* for the appellants.

*Patterson & Rhinehart* for the appellees.

DILLON, J.— The decree in this cause must be reversed, for two reasons:

1st. It is against the board of supervisors, and they are
1. DECREE: parties. not party defendants in the original petition, nor are they made defendants by a supplemental petition or order of court. 2d. The bill of exceptions
2. —— entry in vacation. recites, and it is made affirmatively to appear that, *without the consent or agreement* of the defendants who had answered, the cause was decided in vacation, and a decree in vacation adverse to them entered. This was error. *Townsley* v. *Morehead*, 9 Iowa, 565.

In their argument, the appellants' counsel offer to waive these errors if the court will pass upon the constitutional
3. PRAC-TICE: ques-tions of con-stitutional law. question which they claim is presented by the record, viz.: that it is the *duty* of this court to follow the decisions of the Supreme Court of the United States respecting the validity of bonds issued by municipal and public corporations to aid in the construction of railroads. One of the judges of this court (Mr. Justice WRIGHT) was counsel in the present cause in the court below, and can take no part in any question arising on this appeal.

And it is the practice of appellate courts, a practice obviously correct, not to decide questions of constitutional law, unless absolutely necessary, when for any reason the bench is not full, or when in the particular case *all* of the judges cannot sit and assist in the determination. *Briscoe*

v. *Commercial Bank of Kentucky, &c.,* 8 Pet., 118; *S. C.,* 9 Id., 85.

For the reasons above given the decree below must be reversed, and the cause remanded.

Reversed.