## Case No. 8,943.

MAGEE v. DENTON et al.

[5 Blatchf. 130.] [1]

Circuit Court, N. D. New York.  Jan. 7, 1863.

TAXATION—INCOME—DIVIDENDS—ILLEGAL ASSESSMENT—REMEDY.

1. Under the internal revenue act of July 1st, 1862 (12 Stat. 432), when a dividend has been declared by an incorporated company, and become payable, its amount is to be regarded as forming part of the taxable income of the stockholders of the company, even though they do not call for and receive the dividend.

2. If an assessment of income tax under that act is not made in legal form, the remedy of the person aggrieved is at law, and not in equity.

3. If such assessment is made in legal form, the party aggrieved must pursue the remedy provided by section 93 of the act, before he can resort to a court of equity for relief.

This was an application for a provisional injunction, to restrain the defendant [Seymour F.] Denton, as a collector of internal revenue, from collecting $1,500 of the income tax assessed against the plaintiff [John Magee] un-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

der the internal revenue act of July 1st, 1862 (12 Stat. 433). The bill showed, that the plaintiff made, in due form, a particular statement of his income for the year 1862, and verified the same by his oath; that the statement was then delivered to the proper assistant assessor, who increased the taxable income shown by that statement, by the addition to it of $30,000, on the assumed ground that the plaintiff's share of the profits of a mining company in which he was the principal stockholder, amounted to that sum, and had not been included in the statement; that the plaintiff objected to this increase, and offered to show, by his oath, that he had received no profits or dividends from the company, and that it was an incorporated company, and had expended all its profits for the year in the improvement of its property, by opening a mine, &c.; that the assistant assessor persisted in maintaining the propriety of such increase, and the assessor, on the question being presented to him, also refused to strike the increase from the assessment; that the assessor consented to submit the matter to the commissioner of internal revenue, and the case was presented to him, in an argument, by the counsel for the plaintiff, the question before both the assessor and the commissioner having been understood to be, whether a stockholder of an incorporated company, which had made profits during the year 1862, and had expended such profits in repairs or improvements, or in the purchase of stock or other property, instead of making dividends to its stockholders, could be taxed for his share of such profits, as part of his income for that year; and that the commissioner decided the question in the affirmative, and the assessor refused to strike the increase made by the assistant assessor from the assessment, but returned the original assessment to the collector without modification. The bill was filed against the collector, the assessor, and the assistant assessor.

HALL, District Judge. In the view I take of this case, the motion for an injunction must be denied, without reaching the question of the original liability of the plaintiff to be assessed for such profits of the company as had not been embraced in any dividend declared by it. If the plaintiff's counsel is correct in the position that the profits of an incorporated company, itself an artificial person, are not, in the contemplation of the act of congress, a portion of the gains, profits, or income of the stockholders, until they are distributed as dividends, or embraced in a dividend declared by the managers of the corporation, I think it quite clear that, when a dividend has been declared and has become payable, the mere omission of the stockholder to obtain or receive the dividend subject to his call, would not excuse him from embracing the amount of such dividend in his statement of his taxable income for the year. The bill does not show that no dividend had been

declared; and that fact should have been directly and explicitly stated, in order to entitle the plaintiff to an injunction. The bill, in regard to this point, only states that the plaintiff, during the year 1862, never received anything from said incorporated company by way of dividends on his shares, or otherwise. This statement is not necessarily untrue, even if the dividends actually declared on the plaintiff's stock during that year amounted to the sum of $30,000.

Another objection is, that the plaintiff had a perfect remedy under the statute, and failed to avail himself of that remedy, and that no reason for such failure, of a character to give a court of equity jurisdiction to relieve him, appears on the face of the bill. The wrongful act, if any, of which the plaintiff complains, is the addition of $30,000 made to his income statement by the assistant assessor. If this has not been made in such form and mode as to give the legal right to levy and collect the tax therefor, that objection must be urged in a court of law and not in a court of equity. If made in legal form, the act of congress gives the right of appealing to the assessor, and provides, in substance (section 93), that if the list or return of any party shall have been increased by the assistant assessor, he or she may be permitted to declare, under oath or affirmation, in the form and manner to be prescribed by the commissioner of internal revenue, the amount of his or her annual income liable to be assessed under the act, and that the same so declared shall be the sum upon which duties are to be assessed and collected. In the view that the plaintiff's counsel takes of this case, the plaintiff could have made the oath thus required, or rather which the law thus permitted him to make, and, if the assessor had refused to strike the wrongful increase from the assessment, the plaintiff could have had his remedy. As the assessor had no discretion, and would have been bound, on the presentation of such an oath, to strike the addition from the assessment, it is probable that the plaintiff might have had a remedy at law by mandamus, if the assessor had refused to perform the duty; and it is certain that, if he would have had no remedy at law, he would have had one in equity. The right to make this oath, and thus to become entitled to have the assessment corrected, must be fatal to the plaintiff's prayer for relief in this suit, unless his neglect to make such oath be excused by some allegation of fraud, accident, or mistake, giving jurisdiction to a court of equity. It is like the case of a defendant in a suit at law, who has neglected to appear and establish a legal defence in that suit, when he had an opportunity to do so, and has then resorted to a court of equity to set aside the judgment.

It was suggested, on the argument, that the making of the oath prescribed by the 93d section would not have changed the aspect of the case, because the making of it would

have been but the reiteration of the oath already taken and furnished to the assistant assessor, and because, on the ground assumed by the assessor and by the commissioner of internal revenue. the assessor would still have refused to strike the increase made by the assistant assessor from the assessment against the plaintiff. It is true, that the plaintiff's oath, verifying the statement first delivered by him to the assistant assessor, contained nearly, if not precisely, the oath prescribed by the 93d section; but the oath then made and delivered was, it is said, not required by the statute, and, if so, perjury could not have been assigned upon it, even if it had been wilfully false; but, whether that be so or not, as the act of congress requires this oath after the increase has been made by the assistant assessor, and after the attention of the party has been called to such increase, and he has had an opportunity to inquire upon what grounds such increase was made. it is clear that the oath previously taken cannot be made available for the purposes for which the oath prescribed in section 93 is to be made.

The grounds above stated are fatal to the application for an injunction; for an injunction ought not to be granted, in a case of this kind. unless the plaintiff's right is quite clear. and the granting of the injunction is necessary to protect and secure that right.