Cooley, Ch. J.:
A bill was filed in tbis cause to enjoin the collection of a tax on lands owned by the complainant. The ease was heard on demurrer to the bill. The bill avers tbat tbe lands taxed are necessary for the proper operation of complainant’s railroad, and have been for a year past and upwards. Tbe points relied upon in defense are, first, that the complainant has an adequate remedy at law in case its property shall be levied upon; and, second, that the allegations in the hill are not sufficient to show that the lands are exempt from taxation.
*477 *1. As the tax in question constitutes an apparent lien on the lands, and might result in á sale of them and a conveyance by a deed which would be prima facie evidence of title, the first point is covered by the case of Scofield v. Lansing, 17 Mich., 437.
II. The second point we also think not well taken. The statute (Laws 1873, Yol. 1, p. 532) provides for a specific tax on railroad companies which “shall be in lieu of all other taxes upon the property of such companies, except such real estate as is owned and can be conveyed by such corporation under the laws of this state, and not actually occupied in the exercise of its franchises, and not necessary or in use in the proper operation of its road.” The defendants insist that the allegations in the bill are insufficient because they fail to show that the lands in question are occupied by the railroad company in the exercise of its franchises. We think, however, that the allegations contain in substance all that the statute requires. They assert that the lands are and have been necessary to the proper operation of their road; and this is equivalent to an assertion that they are made use of for that purpose. They cannot have been necessary for that purpose, unless they have been made use of for that purpose.
The decree dismissing the bill must be reversed, with costs, and the cause remanded to give opportunity for answer if defendants shall so elect.
The other justices concurred.