FRISBEE and Others *v.* LINDLEY, President of the Bank of Paoli.

BILLS OF EXCHANGE.—Suit on a bill of exchange; answer in three paragraphs. 1. General denial. 2. That, after said bill of exchange became due, the defendant sold and delivered to plaintiff two bills of exchange, drawn by one *Wilcox* on *Pierce;* that said bills were transferred to plaintiff without indorsement, and without recourse on said defendants, and were accepted by plaintiff in part payment of said bill, and that, on the same day, the defendant paid to plaintiff in money the balance on said bill, who thereupon delivered said bill to defendant to be canceled. 3. Payment before the commencement of the suit. To the second paragraph of the answer, plaintiff replied: 1. That the bills drawn by *Wilcox* on *Pierce,* though presented at maturity, were never paid, and that said *Wilcox* and *Pierce,* at the maturity thereof, were both wholly insolvent. 2. That at the time of the delivery of said bills by *Wilcox* on *Pierce* to the plaintiff, the defendant fraudulently represented to the plaintiff that said *Wilcox* and *Pierce* were solvent, and able to pay the same, and would pay them at maturity; and that said bills were secured by mortgage, etc.; that, relying on said representations, plaintiff received said bills, "to be applied, when paid," to the extinguishment of the balance due on the note sued on. 3. General denial. To the third paragraph of the answer plaintiff replied by a general denial. Cause was submitted to the court, and finding as follows: On the issue raised by the first paragraph of the answer, for plaintiff; on the first paragraph of the reply to the second paragraph of the answer, for the defendants, "that the acceptance therein mentioned was taken as payment of the bill of exchange in the complaint mentioned;" on the second paragraph of the reply for plaintiff; on the third paragraph of the reply for the defendants; and as to the issue joined on the reply to the third paragraph of the answer for defendants. And the court further found that plaintiff had sustained damages to the amount of $2,689, by reason of the false representations set forth in the second paragraph of the reply, and rendered judgment for that sum against the defendants.

*Held,* that the first paragraph of the reply to the second paragraph of the answer tenders an immaterial issue, as it neither denies the receipt of the bills as payment, nor confesses and avoids it.

*Held,* also, that as the court found on the first paragraph of the reply to the second paragraph of the answer, and on the third paragraph of the answer, that the bill of exchange sued on had been paid, the judgment should have been for the defendants.

*Held,* also, that the second paragraph of the reply to the second paragraph of the answer amounts only to an argumentative denial of the answer, and the facts set up do not constitute a departure in pleading.

*Held,* also, that the finding of the court on the second paragraph of the reply to the second paragraph of the answer, and the judgment thereon, was not for an unpaid balance due on the bill of exchange sued on, but for damages found and assessed by the court by reason of the false representations averred in said paragraph, and was erroneous.

APPEAL from the *Floyd* Circuit Court.

ELLIOTT, J.—This was an action by *Lindley,* president of the bank of *Paoli,* against *Frisbee, Sabin,* and *Owen.* The complaint contained four paragraphs. To the *first* a demurrer was sustained, and no question is presented on it by the record. Issues were made on the second and fourth paragraphs, which on the trial, were found in favor of the defendants. No question is made here upon either of these paragraphs. The issues and trial on the *third* paragraph raise the only questions presented in this court.

The *third* paragraph avers that the defendants, as partners by their firm name of "*E. Sabin & Co.,*" on the 3d day of *November,* 1859, drew a bill of exchange, addressed to themselves in said firm name, in favor of said *Owen,* payable one hundred and seventeen days after date, for the sum of $3,614.30, which said *Owen,* on the same day, indorsed to the plaintiff; that the said sum of money, except the sum of $1,293.38, remains unpaid; that the said bill, after its maturity, was delivered to the defendants, and still remains in their possession wherefore the plaintiff can not produce the same or a copy thereof.

The defendants answered in three paragraphs: 1. General denial. 2. That on the 19th of *April,* 1860, and after said bill of exchange became due, the said defendants sold and delivered to the said plaintiff two bills of exchange, drawn by one *Wilcox* on *James Pierce,* and accepted by him—*one* for the sum of $1,126, due on the 1st day of *June,* 1860, which they sold to the plaintiff for the sum of $1,112.49, and the other for $1,243, payable on the 8th day of *July,* 1860, and sold to the plaintiff for the sum of $1,218.13; that said bills were transferred to the

NOVEMBER TERM, 1864.            513

Frisbee and Others *v.* Lindley, Pres't of the Bank of Paoli.

plaintiff without indorsement, and without recourse on said defendants, which the said plaintiff accepted and received in part payment of the bill sued on; that on the same day the defendants paid to the plaintiff, in money, etc., the balance due on said bill, who thereupon delivered said bill to the defendants to be canceled. 3. Payment before the commencement of the suit.

To the second paragraph of the answer, the plaintiff replied: 1. That the bills drawn by *Wilcox* on *Pierce*, though presented at maturity, were never paid, and that said *Pierce* and *Wilcox* at the maturity thereof were wholly insolvent. 2. That at the time of the delivery of said bills on *Pierce* and *Wilcox* to the plaintiff, the defendants fraudulently represented to the plaintiff, that said *Pierce* and *Wilcox* were solvent and able to pay the same, and would pay them at maturity, and that the sums of money therein named were secured by mortgage on the real and personal property of said *Pierce*, which would make said bills entirely secure; that, relying on said representations, the said plaintiff received said bills of exchange of said defendants, "to be applied, *when paid*, to the extinguishment of the balance" due on the bill sued on; that at the maturity of said bills, the said *Pierce* and *Wilcox* were entirely and notoriously insolvent; and that they were in no respect secured by mortgage on the property of said *Pierce*, and that no part thereof had been paid. 3. General denial to the whole answer.

By agreement of the parties, the issues were submitted to the court for trial without a jury. The court found separately on the several issues on said *third* paragraph of the complaint as follows: "On the issue of general denial to said paragraph of the complaint, the court finds for the plaintiff; and as to the issue joined on the plaintiff's reply, number *one*, to the *second* paragraph of the answer, the court finds for the defendants that the acceptances therein mentioned were taken as payment of the bill of exchange in the complaint mentioned; and

as to the issue joined on the plaintiff's *second* reply to the defendants' second answer, the court finds for the *plaintiff;* and as to the issue joined on the plaintiff's *third* reply to the *second* paragraph of the defendants' answer, the court finds for the defendants; and as to the issue joined on the plaintiff's reply in denial of the third answer of the defendants, the court finds for the defendants; and the court further finds that the plaintiff had sustained damages by reason of the false representations set forth in the plaintiff's *second* reply to the defendants' *second* answer to said *third* paragraph of the complaint, in the sum of $2,689.95, being the amount of the bills of exchange taken in payment of the original bill in the third paragraph of the complaint mentioned, less the sum of $100 paid thereon; and the said bills of exchange so taken in payment, having been tendered to said defendants by said plaintiff on the trial of this cause. The court further finds, that said defendants are equitably entitled to the judgments rendered upon said bills; to-wit: a judgment and decree in favor of said *bank* of *Paoli* rendered in and by the *Floyd* Circuit Court, and against said *Pierce,* at the *April* term thereof, 1860, in a proceeding wherein the *New Albany Insurance Company* was plaintiff, and *Pierce,* and the bank, and others were defendants, for the sum of $2,369; also, a judgment of said court in favor of the said bank, and against *Peleg M. Wilcox,* at its term for *October,* 1860, for the sum of $1,327.93; and also, another judgment rendered by the Court of Common Pleas of *Floyd* county, at its *July* term, 1860, against said *Wilcox,* and in favor of said bank, for the sum of $1,199.91."

The court overruled a motion for a new trial made by the defendants, and rendered judgment for the plaintiff on said finding; the defendants excepted, and appeal to this court.

A bill of exceptions sets out all the evidence. There is no brief of the appellee on file. The only questions dis-

cussed in the appellants' brief relate to the findings of the court, and the overruling of the defendants' motion for a new trial.

The *second* paragraph of the answer sets up payment in full of the bill of exchange, which is the foundation of the *third* paragraph of the complaint, part in money, and the residue in the two bills of exchange drawn by *Wilcox* on *Pierce*, which, it is averred, were received by the plaintiff as payment. The *first* paragraph of the reply tenders an immaterial issue, as it neither denies their receipt as payment, nor confesses and avoids it; it simply avers their non-payment, and the insolvency of *Wilcox* and *Pierce* at their maturity. The finding of the court for the plaintiff on that issue, and that the bills were received as a payment, was proper, as thereby the issue tendered by that paragraph of the reply did not affect the merits of the other issues. It will be observed that the *third* paragraph of the answer is payment in general terms. Replication in denial. It was a good answer in bar, and if true must defeat the plaintiff's right to recover on the cause of action set forth in the paragraph of the complaint to which it was pleaded. On that issue the court found for the defendants. It is therefore insisted by the appellants that, under that finding, without regard to the issue on the second paragraph of the answer, the final judgment should have been for the defendants, and that the court erred in rendering a judgment for the plaintiff on the issue under the second paragraph of the answer. It is not claimed by the appellants that there was any proof of payment in any other mode, or by any other means, than in the manner set up in the second paragraph of the answer. The proof of payment in the manner alleged in that paragraph would be admissible under, and applicable to, the third paragraph; and as the court found under the issues on the *first* replication to the *second* paragraph of the answer, and on the *third* paragraph of the answer, that the bill of exchange sued on had been paid, and the evidence clearly

justified the finding, it would seem that the judgment should have been for the defendants. The court, however, found for the plaintiff on the issue made by the *second* replication to the *second* paragraph of the answer, and that the plaintiff had sustained damages by reason of the false representations set forth in said *second* replication, in the sum of $2,689.95, being the amount of the bills of exchange taken in payment of the bill named in the complaint. For the amount so found the court rendered judgment for the plaintiff. It will be observed that this finding and judgment are not for an unpaid balance due on the bill of exchange sued on, but for damages found and assessed by the court by reason of the false representations set forth in the plaintiff's replication. This finding seems to be based on the idea that the facts set up in the replication constituted a departure in pleading, and was, in effect, an abandonment of the cause of action presented in the complaint, and the setting forth of a new cause of action based on the fraudulent representations stated in that reply; and not being objected to by demurrer or otherwise, the plaintiff was entitled to recover thereon.

We do not find it necessary to examine or determine what would be the effect of a departure in pleadings under such circumstances, as we do not think there was a departure.

The answer sets up a payment, made in part by the delivery to the plaintiff of two bills of exchange, drawn by *Wilcox* on *Pierce*. Now, assuming that the replication, in effect, admits the receipt of the bills as a payment, but then attempts to avoid it by alleging the fraudulent representations by which the plaintiff was induced to receive them in payment, would such an avoidance constitute a departure? We think not. We do not here discuss the question whether sufficient facts are averred in the replication to vitiate the contract or avoid the payment; but

that, if they are sufficient for that purpose, it is not a departure.

The receipt of the bills on *Pierce* by the plaintiff did not of itself constitute a payment on the bill sued on; but to have that effect, they must have been accepted as such payment. The replication under consideration admits the receipt of the bills, but does not admit that they were received as a payment; but, on the contrary, avers that that they were received of the defendants to be applied, *when paid,* to the extinguishment of the bill sued on. If they were only received for the purpose alleged in the replication, then the subsequent averments of the fraudulent representations of the defendants would be immaterial. It contains no averment that the defendants knew the representations to be false. We think the replication only amounts to an argumentative denial of the answer, and that the departure, if any, is in the finding of the court.

We have looked over the evidence, and do not think it sufficient to justify a finding against the defendants, even under a proper issue, on the alleged ground of fraud. But, under the state of the issues in the case, we do not deem it necessary to examine that question further here. For the reasons given, the judgment of the Circuit Court must be reversed.

Judgment reversed, with costs, and the findings of the court below set aside; cause remanded, with leave to the plaintiff to amend the replications. The reversal is only to effect the findings and judgment on the issues on the *third* paragraph of the complaint.

*Thomas L. Smith,* and *M. C. Kerr,* for appellants.
*James Collins,* for appellee.