# EPHRAIM S. SWINNEY *et al.*

## *v.*

## JAMES W. BEARD *et al.*

1. INJUNCTION—*to restrain the collection of taxes.* A bill in equity to restrain the collection of taxes is not looked upon with favor by courts of chancery, and it may be laid down as the settled rule of this court, that a court of equity will not take jurisdiction, except in certain specified cases.

2. A court of equity will not interfere to restrain the collection of a tax, except where the tax is unauthorized by law, or where it is assessed upon property not subject to taxation, and even in such cases, it will not take jurisdiction except under special circumstances showing that the collection of the tax will be likely to produce irreparable injury, or cause a multiplicity of suits. When levied by officers or persons authorized by law to levy the same, the collection of the tax will not be restrained on the ground of irregularities and informalities in its levy or collection; but if the levy shows on its face that it was made for an unauthorized purpose, or for fraudulent purposes, it has been held that a court of equity may stay its collection by injunction.

3. TAXES—*interest on back taxes.* The statute providing for the extension and addition of uncollected back taxes to those of the current year, authorizes the extending of interest on such back taxes, but fails to state the rate of interest. Under this statute, the county clerk is not warranted in computing the interest at ten per cent; it should be computed at six per cent.

4. The fact that the county clerk has computed ten instead of six per cent interest on back taxes, will not justify a court of equity in enjoining

28        SWINNEY *et al. v.* BEARD *et al.*        [Sept. T.

Opinion of the Court.

the collection of the whole tax. A party seeking to enjoin on this ground must show in his bill that he has tendered all of the levy except such unauthorized interest, and offered to pay all except that, under the principle, he who seeks equity must do equity.

5. CHANCERY PRACTICE—*dismissing bill on motion.* According to the correct chancery practice, a demurrer should be filed when it is sought to have the bill dismissed; but where a motion to dismiss is treated as a demurrer, and the bill dismissed, it will be so treated in this court.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a bill in chancery, by Ephraim S. Swinney, Hiram T. Morey, Vinton G. Harbaugh, Isaac M. Kirkpatrick and Alexander G. Kirkpatrick, against James W. Beard, L. N. Mitchell and Hiram R. Golden, collectors of different towns in Warren county, and Daniel D. Parry, treasurer and collector of the county, to enjoin the collection of taxes on certain real estate which was described in the bill. On motion of defendants, the preliminary injunction was dissolved and the bill dismissed for want of equity. To reverse this final order, the complainants appealed to this court.

Mr. J. M. KIRKPATRICK, for the appellants

Mr. JOHN J. GLENN, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, filed by appellants, in the circuit court of Warren county, against appellees, to enjoin the collection of certain taxes levied for the year 1867, in Warren county, on real estate.

It is alleged in the bill that the treasurer and *ex officio* collector of Warren county applied to the county court of the county on the 15th day of June, 1868, for judgment against the lands of appellants, for the taxes assessed against the same for the year 1867, at which time appellants appeared before the court and resisted judgment for various reasons,

and that the court, upon hearing the objections, refused to render judgment against the lands; that the board of supervisors, at the September term, 1868, illegally ordered the clerk of the county court to enter the lands of appellants on the collectors' books for 1868, as back tax, a copy of which order is set out in the bill; that, in pursuance of the order, the county clerk did add the tax of 1867 to that of 1868, assessed upon appellants' lands, and also added ten per cent interest to the tax of 1867; that the tax books had been placed in the hands of the collectors, and the taxes had been demanded.

The bill prayed for an injunction, which was granted by the master in chancery of Warren county, on the 11th day of May, 1869. Appellees filed a demurrer to the bill, and, at the January term, 1870, of the circuit court, the court sustained the demurrer and dismissed the bill.

The question involved in this case is, as to the sufficiency of appellants' bill of complaint.

A bill in equity to restrain the collection of taxes is not looked upon with favor by courts of chancery, and it may be laid down as the settled rule of this court, that a court of equity will not take jurisdiction only in certain specified cases.

In the case of *The Town of Ottawa* v. *Walker*, 21 Ill. 605, this court said: "Where the law has conferred no power to levy a tax, or in case a person or an officer not authorized by law to exercise such a power, shall levy a tax, or where the proper persons shall make the levy for purposes on the face of the levy not authorized, or for fraudulent purposes, a court of equity may stay its collection by injunction."

In the case of *Merritt* v. *Farris*, 22 Ill. 303, this language is used: "Equity will not restrain a tax levied by officers, either *de jure* or *de facto*, where the power to levy a tax is incident to their office; and that mere irregularities and informalities in its levy or collection will not be inquired into

by a court of equity; but that parties supposing themselves aggrieved, will be left to seek their remedy at law."

In the case of *Chi., Burlington and Quincy R. R. Co.* v. *Frary,* 22 Ill. 34, the general rule was held to be that a court of equity would not interfere to restrain the collection of a tax except where the tax itself is not authorized by law, or where it is assessed on property which was not subject to taxation.

At a later date the court laid down a stricter rule, and, in the case of *Cook County* v. *Chicago, Burlington and Quincy. Railroad Co.* 35 Ill. 466, in disposing of a question similar to the one presented by the bill in this case, said: "While we consider it settled that a court of equity will never entertain a bill to restrain the collection of a tax, excepting in cases where the tax is unauthorized by law, or where it is assessed upon property not subject to taxation, this court has never held that it would take jurisdiction in such excepted cases without special circumstances showing that the collection of the tax would be likely to produce irreparable injury or cause a multiplicity of suits."

Tested by the rules of law as declared in the cases cited *supra,* were the allegations in appellants' bill sufficient to give them a standing in a court of equity? We think not.

There is no allegation in the bill that the tax of 1867 was unauthorized by law; neither is it charged that the tax was assessed upon property not subject to taxation, one of which allegations was necessary in order to give appellants a standing in a court of equity.

In appellants' bill no fault is found with the original amount of the tax of 1867, or in the manner in which it was in the first instance assessed. They resisted a judgment for this tax in 1868 against their lands, for various reasons, all of which had occurred after the assessment, and consisted of irregularities of the officers.

It is insisted by appellants that the board of supervisors only had authority under the statute to order the tax of 1867 extended and added to the tax of 1868, in case where the

court refused to enter judgment against the land on the ground that the collectors might have collected the taxes by distress and sale of personal property.

This may be true, and at the same time it does not help appellants' case, because there is no allegation in the bill upon what ground the county court refused judgment.

For aught that appears by the bill, the court may have refused judgment on the *very ground* that appellants admit would authorize and justify the board of supervisors in ordering the county clerk to add the tax of 1867 to that of 1868.

In extending this tax of 1867 to that of 1868, the county clerk added ten per cent interest to the amount of the former, and it is urged that this was erroneous.

The statute provides for interest, but is silent as to the amount. Six per cent would be the proper per cent to be added to the tax, and we do not think the county clerk was warranted in computing the interest at the rate of ten per cent.

But, on account of this irregular act of the county clerk, did that justify appellants in invoking the aid of a court of equity, and authorize the court to tie up the collection of the whole tax? That can not be regarded as reasonable or equitable. It is an old and familiar principle, that "He who seeks equity must do equity."

This interest objected to is easily separated from the taxes, and were appellants entitled to any relief in a court of equity, as against this interest irregularly added to the taxes, the least that could be required of them is that they should allege in their bill that they had offered to pay all the rest of the tax, and were still ready and willing so to do; but they show no willingness to do this, but seek to prevent the collection of the whole of the tax of 1867. If every irregularity in the assessment and collection of the revenue could be taken advantage of by a bill in equity, enjoining the collectors from proceeding in the discharge of their duty, the most disastrous consequences would result to the State, the

entire machinery of the government would be paralyzed, and the laws of the land could not be enforced.

It is also claimed by appellants that the court erred in dismissing the bill, on motion filed, instead of a demurrer. It is true, correct chancery practice requires a formal demurrer to be filed, but the motion filed in the cause was treated by the court as a demurrer, and we will regard it as such. *Viley* v. *Thompson et al.* 44 Ill. 10.

The decree of the circuit court will be affirmed.

*Decree affirmed.*