# WHEELING.

### John Doonan et al. v. The Board of Education.

#### July 21, 1876.

Where a part of the tax payers of a school district file a bill in chancery, to enjoin the collection of illegal taxes, they should file the bill in behalf of themselves and all others similarly situated as taxpayers in the district, as such an averment is essential to a complete determination of all the rights affected by the suit.

In this case, the appellants, John Doonan, Thomas McGraw, Thomas Flanagan, Henry Gerkin, Frederick Gerkin, Gilbert L. B. Fetterman, and Louis Heckmer, brought suit, in their own names, against the Board of Education of the town of Grafton, Taylor county, and the sheriff of said county, to enjoin and restrain them from collecting certain taxes for school purposes.

An injunction was granted, which was afterwards dissolved by decree of the circuit court of Taylor county.

An appeal was taken from said decree, and it came up for hearing before this court, at the July term, 1874.

*Caleb Boggess, Esq.*, for appellants.

No appearance for Board of Education, appellee.

Moore, Judge:

The plaintiffs allege in their bill and amended bill, that in addition to the plaintiffs, there are many other persons, owners of real and personal property, in said

town, whose property has been valued, assessed and levied on, for the taxes complained of. That being so, it is imperative that such persons should have been made parties, either as defendants, or by the plaintiffs sueing in their behalf. They have a common interest in the subject matter; the defendants are as much liable to them for any illegal conduct in the premises, as they are to the plaintiffs, and, therefore, to settle the matter of controversy, and prevent multiplicity of suits, by concluding all persons having a common interest, they should have been made parties to the suit, upon the principles settled in the causes of *Sam'l McClung et als. v. Allen S. Livesay et al.*, and *Ludington v. McMillan et als.*, decided at the last January term. In the suit of *George Sloan and others* against *The Board of Education of Welton Township*, &c., the plaintiffs sued "in behalf of themselves and the other residents, inhabitants, and tax payers of said township," and such should have been the averment in the bill in *Seymour v. The Board of Education of Frankfort Township*, &c.

The judgment of the circuit court must be affirmed, with costs and damages.

Judges Paull and Haymond concurred with Moore, J. Judge Hoffman, held that the bill should not have been dismissed, but should have been amended by making the other tax payers parties.

A motion for a rehearing was made, and having been granted, the matter came up for a final hearing before this Court, at the June term, 1876.

MOORE, JUDGE:

This case, having been decided by this court at the July term, 1874, upon an appeal from the decree of the circuit court of Taylor county, and, upon motion of the appellants, a new hearing having been granted, was again submitted at this term, after full argument. Upon

mature consideration, I am of opinion that no new light has been shed upon the cause, but that the same objections exist now as were set out in the opinion of this court, filed at the July term, 1874. I am, therefore, of opinion, that for the reasons assigned in the said opinion of July, 1874, that the decree of the circuit court complained of should be affirmed with costs and $30 damages.

Judges Moore, Green, and Haymond concurred.