FRANK E. BURKE, *et al.*, plaintiffs in error, *vs.* AMOS C. SPEER, tax collector, *et al.*, defendants in error.

1. Where there is a valid law imposing tax for the state upon bank stock, there will be no judicial interference in its collection on account of informalities or irregularities in the return or assessment. This case is controlled by *Decker vs. McGowan*, and *Georgia Loan Association vs. Same*, decided at this term.

2. If the judiciary had the right to interfere by injunction, this bill shows no equity for its interposition. The stock was properly returned by the bank, and the stockholders were liable to pay it, and the collector had the right to issue executions therefor.

Taxes. Revenue. Stock. Banks. Before Judge CLARK. Sumter Superior Court. April Term, 1877.

Complainants filed their bill against defendants, alleging that they had given in all their property subject to taxation to the tax receiver, and had duly paid their tax; but that certain *fi. fas.* were proceeding against them illegally for tax upon the stock of the First National Bank of Americus, they being stockholders. The prayer was for injunction.

The answer denied all illegality of proceeding. The case was tried on the bill, answer and affidavits. The affidavits showed that the president of the bank and its cashier offered to give the receiver a list of the stock and stockholders, or else to return the stock regularly as agents of each individual stockholder. The tax receiver declined to receive the return in that way, but claimed that the bank should return the tax and pay it as a bank. The shares never have been returned, or the tax thereon for that year (1876) paid.

The injunction was refused, and complainants excepted.

HAWKINS & HAWKINS, for plaintiffs in error.

R. N. ELY, attorney general; B. P. HOLLIS, for defendants.

JACKSON, Judge.

The tax collector of Sumter county issued execution against Burke and others, stockholders in the First National Bank of Americus, for tax. The stockholders filed a bill to enjoin him on the grounds set forth in the record, the sum and substance of which appear to be irregularities in the assessment of the tax, and differences in the construction of the law. There can be no doubt that the legislature has the power to levy the tax, that it was levied, and that the tax collector was proceeding to collect it. It being a tax to raise revenue for the state, there can be no judicial interference in such a case, under the Code, section 3668, and the de-

cisions of this court in *Decker vs. McGowan*, and *Georgia Loan Association vs. Same*, decided at this term.

2. But, even if we had the legal right to interfere, we would not in this case. The bank returned the stock and the stockholders—it did not pay the tax—and the only resort was to make the stockholders pay it under the law. See act of 1876, p. 138; 19 Wallace, 490; Code, §§922, 923.

Judgment affirmed.