WARREN CLOUGH, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Criminal Law: PRACTICE: EXCEPTION TO ILLEGAL TESTI-MONY NECESSARY. When the defendant in a criminal trial permits illegal testimony to go to the jury without objection, its illegality is thereby waived, and a new trial will not be granted because of its admission.

2. ———: DISCRETION IN GRANTING NEW TRIAL. The granting of a new trial, in a criminal case, is within the exclusive dis- cretion of the trial court; and if that court, on application duly made, refuse to act upon it, it will be compelled to do so, unless such action could advantage the prisoner only by overriding a well established rule of criminal procedure.

3. ———: EFFECT OF STRIKING PAPERS FROM THE FILES. When papers are stricken from the files they cease to be a part of the case for any purpose, unless brought into the record by order of the court, which may be done by bill of exceptions.

THIS was an application for a rehearing of the preceding case, made by J. R. WEBSTER, one of the counsel

for plaintiff in error.   The application was made upon the following motion:

And now comes the said Warren Clough, plaintiff in error, and moves the court here to grant a rehearing of the above entitled cause for the reasons, among others:

*First.*   That defendant, in a capital case, ought not to be prejudiced by failure to object, or to except to the overruling of objection to the admission of incompetent or inadmissible evidence at the trial.

*Second.*   It is against the law and practice of criminal causes to allow the prosecution to prove admissions of the accused made long antecedent, to-wit: three years before the alleged crime, tending to show a motive not existing at the time the crime was committed.

*Third.*   It is not for the court of review to pass upon the sufficiency of a motion for a new trial, if such motion is taken at proper time.   The accused has the right to have the court of trial pass upon the matters presented, and exercise its discretion, and determine from the circumstances of the trial its sufficiency.

*Fourth.*   The charge of the court to the jury, if not clearly erroneous, was yet vague, uncertain, and tending to confuse and mislead the jury, and under the authority of this court in the case of *Caw v. The State*, it is against the law and precedent to hold that one part of instructions, erroneous or vague, is cured by reference to other parts of the instructions to the jury.

*Fifth.*   It is against law and precedent that the court will presume facts not shown by the record to exist.

LAKE, J.

This is an application for a rehearing.   The points included in the motion are five, but they present no question not already considered in our previous examination of the case, and, with perhaps one or two excep-

tions, are sufficiently discussed in our opinion already filed, affirming the judgment.

The first point made by the motion is, in substance, that the prisoner is not estopped, even after verdict, from complaining of the admission of incompetent or irrelevant testimony on the trial, by a failure to object thereto. In addition to what we have heretofore said on this subject it may not be out of place to add that we are not aware of any rule of practice existing at the present time, when a prisoner on his trial is guaranteed the benefit of counsel to conduct his defense, even at the public expense if need be, which will sustain the position here taken. In Graham and Waterman on New Trials, 655, it is said: " It is an obvious principle of justice, that a party shall at least endeavor to help himself before he asks the aid of the court. In other words, that he shall use reasonable diligence in his own behalf; and that if he voluntarily relinquishes any of his rights, or tacitly gives them up by neglecting, at the proper time, to assert them, he is without just claim for redress. If he chooses to submit his case to the jury upon illegal evidence, or with no evidence at all, it is his own concern, and he cannot afterward complain." And in the *State v. Gordan*, 1 Rhode Island, 179, the court, remarking upon this subject, say: " When evidence has been left to the jury without objection, which, if objected to, might have been found inadmissible, the court will not grant a new trial upon objections to such testimony made after verdict." And also in *Stone v. The State*, 4 Humph., 27, in which there was a conviction for murder, it was held that: " Where illegal testimony is suffered to go to the jury without objection its illegality is waived, and a new trial will not be granted. The extension of proof so far as to establish guilt not being objected to, cannot, upon any principle of legal administration of justice, be regarded as error. If it

had been objected to, it might not have been pressed, and if pressed, might have been excluded by the court. It will never do to permit a prisoner to hear illegal testimony, and then assign it as an error, after having heard it admitted without objection, for advantage will always be taken of an indiscreet prosecution by such permission." And such is clearly the rule respecting the admission of incompetent or irrelevant testimony in both civil and criminal trials. Nor is it in conflict with *Thompson v. The People*, 4 Neb., 524, where we held an erroneous instruction, *prejudicial to the accused*, good ground for reversal, notwithstanding no exception was taken. In that case the matter complained of was the sole act of the court, operating directly, and with much influence, upon the jury in respect to a vital point in the issue; while here the court was merely passive, making no ruling whatever as to the testimony, simply because no question as to its admissibility was raised. If objections to the admission of testimony could be reserved by the prisoner until after verdict, and then be urged with like result as if made at the time it was offered, it would be very seldom indeed that a verdict of conviction could be sustained.

The second point relates to the declarations of the prisoner, concerning the property of the deceased then held by him, made some three years before the murder. This point was very fully discussed during the argument of the case. It is not suggested that any additional light could be afforded by a re-argument, and in addition to this fact we are entirely satisfied that those declarations were properly admitted.

By the third point it is assumed that, as to the supplemental motion for a new trial which the court below struck from the files, this court has no right to determine whether it was well taken or not; that the granting of that sort of motion rests in the sole discretion of the

trial court. It is true that if the district court had entertained the motion, and granted a new trial, such action, even if clearly erroneous, would not have been subject to reversal here; and it is also true that had the motion in such case been denied, this court has the power, and if the ends of justice demanded, would have exercised it by ordering a new trial to be had. So, too, if it were properly brought to the attention of this court that the trial court had refused the exercise of a discretion, which, by any possibility, could advantage the prisoner, without overriding a well established rule of procedure, we would feel bound to remand the case for its exercise by that court.

Here, however, we have brought to our notice, not by a properly executed bill of exceptions made by order of the court a part of the record, but quite irregularly, by copies of papers which the clerk of that court certifies were not entertained, and, for a reason, whether valid or not, stricken from the files, the facts respecting the supplemental motion for a new trial, upon which it is claimed that we ought to require that court to act. It was urged upon the argument of the case by counsel for the state that this whole matter, not being of record, could not properly be considered by this court. And this is doubtless so. When papers are stricken from the files of a case, they cease to be a part of it for any purpose whatever, unless brought into the record by order of the court. Until so restored to a place in the case, which may be done by bill of exceptions, they are, in law, of no more value than waste paper. Although we acknowledge to the fullest extent the force of this objection, we preferred to place our decision on a ground which would show that, even if counsel for the prisoner had taken the trouble of preparing a bill of exceptions showing the action of the court on this supplemental matter, still, inasmuch as *all* of the attorneys of record

for the prisoner had not shown a want of knowledge of the previous expression of opinion by the juror Conway, there was an insuperable legal objection to setting the verdict aside on that ground.    It is urged, however, that the fact of Mr. Whedon's name appearing in the record as one of the prisoner's attorneys ought not to be regarded, because it was stated in argument, and not denied by the state's counsel, that he was absent, and took no part in the trial.    But even if all this be true as to Mr. Whedon, still it appears, in the same manner, that Mr. Bates, another attorney of record for the prisoner, who made no affidavit of want of knowledge of such expression of opinion, was present, and took part in the selection of the trial jury, having been employed for that particular duty because of his residence in and general acquaintance with the people of that county.    As to Mr. Bates, we think the rule to which we have referred applies with peculiar force, for, of the whole number of the defendant's attorneys, he, probably, was the best informed as to the qualifications of the persons called to serve as jurors.

The only remaining points are the fourth, which refers again to the charge of the court to the jury; and the fifth, which concerns our presumption in favor of the continuance of the court in legal session, in the absence of an affirmative showing to the contrary.    These have already been fully considered and treated of in our former opinion, and it would be superfluous to bestow further time upon them.

For these reasons the motion for a rehearing is denied.

MOTION DENIED.