STATE OF NEBRASKA, APPELLEE, v. EUGENE A. WATERS, APPELLANT.

182 N. W. 2d 214

Filed December 23, 1970.  No. 37635.

David E. Gregory and Peter Burrill Beekman, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

A jury found defendant guilty on Count 1 of burglarizing a gas station and not guilty on Count 2 of burglarizing a fertilizer company. He appeals. One complaint is that waiver of objections to evidence resulted in a miscarriage of justice.

The information alleged that both offenses occurred at or near Table Rock on November 22, 1969. Property taken from the gas station was $158 in paper money, checks, and coins, and 7 or 8 salted nut roll candy bars. When the burglary was discovered about 7 a.m., coins and loose checks were scattered at the station. Later that morning defendant was found in possession of these items: $60 in a trouser pocket, $16.25 in coins in a sport coat, $2.96 in a topcoat, $71 in bills hidden in a corn shock, and 6 salted nut roll candy bars.

Defendant testified to possession of the money upon his arrival in Table Rock on November 21 and to purchase of the candy bars in Omaha enroute to Table Rock. Other witnesses testified to statements by defendant, who had at times named a bus stop near Humboldt and at other times, Omaha, as the place of the purchase.

Appointed counsel, who is not counsel on appeal, represented defendant at the trial. Certain testimony of the sheriff was admitted without objection, motion to strike, or instruction to the jury to disregard the testimony. Defendant's motion for new trial set out the general ground—errors of law occurring at the trial.

The sheriff testified to having inquired of Robert Sitzman whether he had seen defendant in Table Rock the night before the burglaries. Sitzman answered affirmatively. Testimony of the sheriff continued: "And, I said, 'Where?' And, he said: 'Hiding in the weeds in lower town.' . . . So, since I knew him as a known burglar and I knew something about him, we proceeded to go look for him in lower town as he used to be a resident there. I thought he might be hiding in the area. . . ."

The sheriff also testified on direct examination to a

conversation in which defendant had said: " 'The reason I came to Table Rock is . . . to get a gun that I had loaned to a fellow several years ago, and I want to go over to' . . . Logan, Iowa, 'and get the Sheriff.' " The sheriff subsequently returned to the subject on direct examination: "And, he, again tells me: '. . . The only reason that he came over here was to get this gun to go get this Sheriff at Logan, Iowa. 50 years wouldn't be too bad a time for getting rid of a sheriff.' "

The sheriff testified on direct examination that he had lifted no fingerprints at the gas station. He concluded with this observation: "I, personally, think that the Defendant might have been wearing his socks for gloves."

Defendant testified on cross-examination to having hidden $71. The prosecutor continued: "Q. What were you going to do with the rest of it? A. I was going to buy a gun over at Table Rock. A friend of mine has one, and I was going to buy that. Q. What were you going to do with that? THE WITNESS: I will have to take the Fifth Amendment on that, your Honor. THE COURT: Sustained. Go ahead."

It is a general rule that plain evidentiary errors not presented to the trial court will not be reviewed. See Clough v. State, rehearing denied, 7 Neb. 351 (1878). We may, however, grant a new trial for plain evidentiary errors under exceptional circumstances that deprive defendant of a fair and impartial trial, although no one presented the matter to the trial court. Cf. Wamsley v. State, 171 Neb. 197, 106 N. W. 2d 22 (1960). See, also, People v. Murray, 72 Mich. 10, 40 N. W. 29 (1888); Vestal, "Sua Sponte Consideration in Appellate Review," 27 Fordham L. Rev. 477 (1959).

The rule calls for a new trial on Count 1. The judgment is reversed and the cause remanded accordingly.

REVERSED AND REMANDED FOR NEW TRIAL.