SHIPMAN, District Judge.
This is an action at law, which was submitted to the cou t upon an agreed statement of facts, a trial by jury having been waived, by written stipulation of the parties.
*261 Section 340S of tlie Revised Statutes of the United States provides, in substance, that a tax of one twenty-fourth of one per centum shall be levied and paid, each month, upon the average amount of the deposits of money, subject to payment by check or draft, with any bank, and that the deposits in savings banks shall be exempt from tax on so much thereof as have been invested in securities of the United States, “and on all deposits not exceeding two thousand dollars, made in the name of any one person.”
The plaintiff is a savings bank in the city of New York, and, having been advised that the sum of two thousand dollars of the deposits of any one person was exempt from tax, made, on June 1, 1S76, a return of its internal revenue tax for the six months ending May 31, 187C, in accordance with said opinion. It deducted from the average of its deposits, as exempt, not only the deposits which did not exceed two thousand dollars, made in the name of any one person, but, also, two thousand dollars of the deposits in the name of any one person, which exceeded that sum. The amount of the tax, according to this return, was $253, which was paid. On or about July G, 1S76, in accordance with a request of the supervisor of internal revenue, the plaintiff made and delivered to said supervisor a schedule of the deposits in said bank, not deducting anything from any person’s account the sum of whose deposit amounted to more than two thousand dollars. Upon this list or schedule, the supervisor made a return without said deduction, and requested the plaintiff to sign and make oath to the same, which its officers refused to do. No objection is taken that this return was made bya supervisor,rather than bya collect- or or a deputy collector. Said return, as made out, was forwarded to the commissioner of internal revenue, who made assessment thereon as by law provided. According to this assessment, the tax, less $253 paid as aforesaid, was $5,236; penalty of 100 per cent., for false return, $5,230; penalty of five per centum for failure to pay tax within the time prescribed by law, $2G1.80; interest. $104.72; total, $10,-838.52. This amount was collected by dis-traint. Subsequently, and within the proper time, the plaintiff duly appealed from said assessment to the commissioner of internal revenue, which appeal was denied.
The first question relates to the construction of the clause in the statute which exempts from the tax on deposits in savings banks, “all deposits not exceeding two thousand dollars, made in the name of any one person.” The natural construction is, that all those deposits, made in the name of one person, which do not exceed two thousand dollars, are exempt. It is a very different expression from the clause in the statute relating to income taxes (Act July 14, 1S70, § S; 1G Stat. 25S), in which it is provided, that “the sum of two thousand dollars of the gains, profits and income of any person shall be exempt from said income tax.” The obvious intent of that clause was to deduct, for taxable purposes, the sum of two thousand dollars from the income of any person, and to do more than exempt from tax all incomes of any one person, not exceeding two thousand dollars. The clause under consideration exempts those deposits, and those only, of any one person, which do not exceed two thousand dollars.
This construction has been placed upon similar language by the supreme court. The ninth section of the act of July 13, 1SGG (14 Stat. 137)v provided that savings banks should be exempt from tax “on so much of their deposits as they have invested in securities of the United States, and on all deposits less than five hundred dollars made in the name of any one person.” Mr. Justice Clifford, who gave the opinion of the court, in discussing the subject of taxation of savings banks under this statute, says: “Savings banks are not exempt from such taxation except in certain cases, nor are they entirely exempted unless they have invested the whole of their deposits in the securities of the United States, if any of the deposits made in the name of one person amounted to or exceeded $500. Deposits in sums less than $500, and all such as are invested in the public securities, if the bank falls within the category described in the proviso, are exempt from such taxation.” Oulton v. Savings Inst., 17 Wall. [84 U. S.] 109.
The plaintiff claims, in the second place, that it was not liable to the penalty of one hundred per cent. Section 3414 of the Revised Statutes provides, that “a true and complete return of the monthly amount of * * * deposits * * * shall be made and rendered in duplicate, on the first day of December, and the first day of June, by each of such banks * * * with a declaration annexed thereto, under the oath * * * of the president or cashier of such bank, * * * in such form and manner as may be prescribed by the commissioner of internal revenue, that the same contains a true and faithful statement of the amounts subject to tax as aforesaid.” Section 3415 provides, that, “for any refusal or neglect to make return and payment, any such bank * * * shall pay a penalty of two hundred dollars, besides the additional penalty and forfeiture provided in other cases.” Section 3176 provides, that “the collector, or any deputy collector, in every district, shall enter into and upon the premises, if it be necessary, of every person therein who has taxable'property, and who refuses or neglects to render any return or list required by law, or who renders a false or fraudulent return or list, and make, according to the best information which he can obtain, including that derived from the evidence elicited by the examination of the collector, and on his own ¶ iew and information, such list or return, according to the form prescribed, of the objects liable to tax, owned or *262 possessed or under the care or management of such person, and the commissioner of internal revenue shall assess the tax thereon, including the amount, if any, due for special tax, and, in case of any return of a false or fraudulent list or valuation, he shall add one hundred per centum to such tax.” It is not a prerequisite to the addition of the penalty that tlie return should l>e wilfully false. If the return is not in fact true, the commissioner is authorized to affix the penalty. The record shows that the plaintiff was in default, and that the assessor was authorized by the statute to make his return ef the objects liable to tax, and that the requirements of the statute were complied with. Bailey v. Railroad Co., 22 Wall. [89 U. S.] 604.
[NOTE. On writ of erro*- sued out by the plaintiff, this cause was heard by the supreme court, and the judgment of the circuit court reversed, Mr. Justice-Field delivering the opinion. It was held that the defendant had erred in his construction of the law; that the assessment of the tax on all deposits which exceeded ¡52,000 without any deduction of that amount, and the imposition of a penalty for not making a return in accordance with his views, were illegal, and that the moneys thus exacted from the savings bank should be returned. 104 ü. S. 708.]
The plaintiff next claims, that, if those deposits only which do not exceed two thousand dollars are exempt from taxation, the statute is in violation of the clause of the constitution which provides, that “all duties, imposts and excises shall be uniform throughout the United States” (article 1, § S). because the tax' is against the depositors, and all depositors are not required to pay the tax. Whatever may be the true theory in regard to the nature of the tax upon dividends and interest upon bonds of railroad and other corporations, which was imposed by the 122d section of the act of June 30, 1SC4 (13 Stat. 2S4), as amended by the ninth section of the act of July 13, 18G6 (14 Stat. 13S), and which was the subject of discussion in Barnes v. Railroads, 17 Wall. [84 U. S.] 294, and in U. S. v. Railroad Co., Id. 322, and in Stockdale v. Insurance Cos., 20 Wall. [87 U. S.] 323, it is sufficiently plain, that the tax now in question is a tax upon the corporations. Bank for Savings v. Collector, 3 Wall. [70 U. S.] 495; Oulton v. Savings Inst., 17 Wall. [84 U. S.] 109.
The remaining objection to the validity of the assessment, which was stated in the appeal, was not insisted upon. Let judgment be entered for the defendant.