THE VILLAGE OF NUNDA

*v.*

THE VILLAGE OF CHRYSTAL LAKE.

1. INJUNCTION—*to restrain collection of taxes.* Courts of chancery in this State will assume jurisdiction to restrain the collection of taxes only in the following cases: Where officers exceed their power and levy, when, under the law, they can levy no such tax, because the tax is not authorized; or where the persons attempting to make the levy are not officers *de jure* or *de facto;* or where the tax is levied on property wholly exempt; or where the law under which it is levied violates the rule of uniformity and is therefore unconstitutional.

2. SAME—*at whose suit.* One municipality can not obtain an injunction to restrain the collection of tax levied by another municipality. That remedy can be invoked only by the tax-payer.

3. REMEDY—*to inquire into organization of municipal corporation.* On a bill to enjoin the collection of a tax, the court will not permit the inquiry to be made whether the body imposing the tax is legally organized, and continues to exist as such body.

4. Thus, after the incorporation of a village, another was incorporated embracing a part of the territory of the first, and proceeded to levy a tax for municipal purposes, which the first sought to enjoin: *Held,* that the legality of the second incorporation as to territory embraced in the first could not be settled in such a proceeding.

APPEAL from the Circuit Court of McHenry county; the Hon. THEODORE D. MURPHY, Judge, presiding.

Messrs. BOTSFORD, BARRY & WILCOX, for the appellant.

Mr. M. L. JOSLYN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant filed a bill in the McHenry circuit court, against appellee. Complainant claims that it is an incorporated village, under the act of 1872, and is exercising the rights, privileges and franchises conferred by that act; that an election was held and trustees elected, on the 17th day of February, 1874, and again on the 3d day of April, 1875, and the persons so elected on the latter date were serving as such at the commencement of this suit; that they had certified to the county clerk an estimate of the necessary taxes to be levied on the real and personal property within the corporation for corporate purposes.

It also appears, that a portion of the citizens of the village of Chrystal Lake petitioned for an order for an election to be held for the purpose of becoming incorporated under the the act of 1872, and on the 2d day of December, 1873, the election was held, resulting in favor of incorporation, and the result was duly entered on the records of the county court.

Subsequently the citizens obtained the requisite number of petitioners, and another election was called to vote on the question of organizing the village of Chrystal Lake as an incorporation. The election was held, and resulted as had the previous one, in favor of incorporation. Trustees were elected, and the village organized.

In this last election, a portion of territory embraced in the first vote to organize was left out, and another portion of territory was embraced in the boundaries proposed to be incorporated. And it is claimed that the portion thus taken in had been previously laid out and platted into lots as a part of the village of Nunda, and another portion lay adjacent to, and was connected with it, and that all of such territory is embraced in Nunda, as it was organized. It also appears that the territory voted to be incorporated as the village of Chrystal Lake at the first election, was situated in the township of Algonquin, and the territory embraced in the village of Nunda is situated in the township of Nunda. But the village of Chrystal Lake, as voted to be chartered at the last election, embraces portions of both these townships.

It is claimed that the citizens first voting to incorporate Chrystal Lake, after the election, the count of the vote, and the entry of the result of the election on the record, abandoned the organization as far as it had progressed, and did nothing under it, but incorporated under the second election. After it was held, trustees were elected, and taxes were levied and extended by the county clerk, and this bill was filed professedly to enjoin their collection, but, as admitted, principally to determine whether Chrystal Lake is legally organized under the second election, or whether the village did not become incorporated under the first, and is not confined in the exercise of its corporate rights to the territory embraced in the first election.

We have been referred to no authority which authorizes a municipal corporation to file a bill to contest the legality

of a tax levied on the property of citizens in, or supposed to be in, its limits, nor are we aware that any such authority exists. While clothed with large powers for the government of the people within their limits, and for the preservation of the peace and good order of their communities, this power has not been conferred upon such bodies. Whether individuals will or not pay their taxes without testing their legality, is purely a question of theirs, which has never been delegated to corporate bodies, nor do we suppose it could be rightfully.

Owing to the almost absolute necessities of government, delay in the collection of the revenue is not, nor can it be encouraged. Until a comparatively recent date, chancery never took jurisdiction to restrain the collection of taxes, hence such power has not found a place in works on equity jurisdiction, and its exercise is only in cases where the officers exceed their power and levy, where they can, under the law, levy no such tax, because the tax is not authorized by the law; or where the persons attempting to make the levy are not officers *de jure* or *de facto*; or where the tax is levied on property wholly exempt; or where the law under which it is levied violates the rule of uniformity, and is therefore unconstitutional. These are the grounds upon which our courts of chancery proceed in taking jurisdiction in such cases, and public policy forbids that the jurisdiction of the court should be extended beyond these enumerated cases.

Nor will the court permit the inquiry to be made on a bill for an injunction, whether the body imposing the tax is legally organized and continues to exist as such a body. All that will be regarded is the fact that there is such a body *de facto*, having power, if legally organized, to levy the tax. If this bill might be rightfully entertained, then the adoption of our constitution, the regular organization of a county, of a school district, the organization of a county under the township organization law, the rightful incorporation of all

cities and towns, or, in fact, any and every municipality, might at the will of any tax-payer be questioned and contested on a bill to enjoin the collection of a tax. To permit such contests in such cases would tend to disorganize government, and lead to protracted, expensive and useless litigation.

Again, to permit the town of Nunda to enjoin a tax levied by the town of Chrystal Lake, or one municipality to prevent the collection of a tax levied by another, would be destructive to municipal government. So far as this record shows, the clerk may have extended the tax levied by each village, and the inhabitants may be perfectly willing to pay the taxes thus imposed, but if they are not willing, it is for them to complain, and not the municipality in which they reside.

If, as is urged in argument, the principal purpose of the bill is to determine whether the town of Chrystal Lake has the rightful authority to exercise jurisdiction in any portion of the township of Nunda, the remedy has been mistaken. The law has provided other means, and they must be resorted to by those desiring to test the question of authority. Whilst the jurisdiction of equity is extensive, its limits are well defined, and it can not be extended to every case where there is a wrong. The common law and criminal courts still have jurisdiction that can not be usurped by the courts of chancery. And this is believed to be true in the most sweeping codes of practice adopted in a number of the States of the Union.

But even if the court could take jurisdiction to enjoin the tax, it could not decree the tax to the village of Nunda. The ground upon which it is claimed is, that the tax is void in its levy. If so, then neither town could rightfully claim it. It is strange that one town should claim a tax because another town, having no power to levy it, has acted outside of its power.

This seems to be the only basis of the claim, and it requires no discussion to show its utter fallacy.

The court below did right in dismissing the bill, and the decree is affirmed.

*Decree affirmed.*