THE DANVILLE LUMBER AND MANUFACTURING COMPANY

*v.*

THOMAS S. PARKS.

1. TAXATION—*capital stock of corporation.* The assessment and taxation of the capital stock of a corporation over and above the valuation of its tangible property is not double taxation, and its collection will not be enjoined.

2. Prior to the act of 1875, no distinction was made as to the rule of taxation between a corporation organized for manufacturing purposes and a railroad corporation.

APPEAL from the Circuit Court of Vermilion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was a bill, by the appellant against the appellee, as township collector, to enjoin him from collecting certain taxes levied on appellant's capital stock.

The bill, in substance, alleged, that the equalized value of

the tangible property of the corporation for the year 1874 was $13,559, upon which was extended a tax of $489.50, and that the assessor required the corporation to furnish a schedule of the shares of its capital stock, and the amount of its indebtedness exclusive of that for current expenses; that pursuant to such requirement, the corporation delivered such schedule, showing the capital stock to be 500 shares, for which it had issued certificates to its stockholders, and upon which it was shown there had been paid the sum of $29,000, and also its indebtedness to the amount of $20,000, and that the State Board of Equalization for that year made an assessment of $15,728 on the equalized value of said capital stock, being the excess of the equalized value of the capital stock and debts over the equalized value of the tangible property, upon which was extended the tax of $567.80, sought to be enjoined as illegal. The court below sustained a demurrer to the bill for want of equity, and the complainant appealed to this court.

Mr. R. D. McDONALD, for the appellant.

Messrs. EVANS & SWALLOW, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Complainant is a corporation existing under the laws of this State, and was assessed for the year 1874 on its tangible property and also on its capital stock, for the purposes of taxation. All the taxes levied upon its tangible property have been paid, but the object of the bill in this case is to enjoin the collection of the taxes levied upon its capital stock, principally on the ground a tax on capital stock is a tax on tangible property, and where both are assessed it is double taxation, and being in violation of the rule of uniformity prescribed by the constitution, it is said such taxes are illegal and void.

The positions assumed are fully answered by the former decisions of this court on analogous questions. It will answer no good purpose to renew the discussion, and we content our-

selves with making reference to former decisions for an expression of our views. *Republic Life Ins. Co.* v. *Pollak,* 75 Ill. 292; *Porter* v. *Rockford, Rock Island and St. Louis R. R. Co.* 76 id. 561.

Prior to the act of 1875, no distinction was made in revenue cases between a corporation organized for manufacturing purposes and a railroad corporation. All such corporations were to be assessed in the same manner for taxation.

The decree will be affirmed.

*Decree affirmed.*