SECOND NAT. BANK OF TITUSVILLE, PENNSYLVANIA, *v.* CALDWELL and others.

*(District Court, W. D. Pennsylvania.* October Term, 1882.)

1. CONSTITUTIONAL LAW—TITLE OF ACT.

Under the settled construction of section 3, art. 3 of the constitution of Pennsylvania, where an act of assembly is entitled, a supplement to a former named act, and the subject thereof is germane to that of the original act, its subject is sufficiently expressed.

2. SAME—REVISION AND AMENDMENT OF STATUTE.

The constitutional provision: "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length," is sufficiently complied with if a supplement and amendatory act is set forth and published at length in its amended form.

3. TAXATION—NATIONAL BANKS—REAL ESTATE TAXABLE.

Under the Pennsylvania act of June 10, 1881, entitled "a supplement to an act entitled 'An act to provide revenue by taxation,' approved the seventh day of June, 1879," the real estate of a national bank is subject to taxation distinct from its other capital.

4. SAME—LICENSE TAX ON BANK.

A license tax imposed by city ordinance upon a national bank being a tax upon the operations of the bank, and a direct obstruction to the exercise of its corporate powers is unconstitutional; but the ordinance not undertaking to make the tax a lien, and giving an action of debt only for its collection, the bank is not entitled to equitable relief by injunction.

In Equity.

*Frank B. Guthrie,* for plaintiff.

*Samuel Grumbine* and *J. W. Smith,* for defendants.

ACHESON, D. J. The plaintiff's claim to exemption from local taxation on its real estate rests upon the assumption that section 17 of the act of assembly of June 7, 1879, (P. L. 112,) entitled "An act to provide revenue by taxation," is still in full force. That section enacts that "in case any bank or savings institution incorporated by this state, or any national bank, elect to collect annually from the shareholders thereof a tax of six-tenths of 1 per centum upon the par value of all the shares of said bank or savings institution, and pay the same into the state treasury on or before the twentieth day of June in every year, the shares, capital, and profits of such bank shall be exempt from all other taxation under the laws of this commonwealth." And if the plaintiff's hypothesis that this law is in operation were correct, there would be good ground for its complaint that its real estate has been illegally assessed with local taxes; for it was held in *County of Lackawanna* v. *First Nat. Bank of Scranton*, 94 Pa. St. 221, that the banking house of a bank is part of the capital represented by its shares of stock, and a tax upon the par value of the shares, is a tax upon it.

But after that decision was made, the legislature on June 12, 1881, passed an act entitled "A supplement to an act entitled 'An act to provide revenue by taxation,' approved the seventh day of June, one thousand eight hundred and seventy-nine," the third section of which is in these words: "In case any bank or savings institution, incorporated by this state, or the United States, shall elect to collect annually from shareholders thereof a tax of six-tenths of 1 per centum upon the par value of all the shares of said bank or savings institution, and pay the same into the state treasury on or before the first day of March in each year, the shares, and so much of the capital and profits of such bank as shall not be invested in real estate, shall be exempt from all other taxation under the laws of this commonwealth." The purpose of this section is not doubtful. Obviously the intention is to restrict the exemption from taxation conferred by the act of June 7, 1879, and to subject the real estate of banks to distinct taxation. Moreover, section 6 of the act of June 10, 1881, expressly repeals the seventeenth section of the act of June 7, 1879.

It is, however, contended on behalf of the plaintiff that the third section of the act of June 10, 1881, is inoperative and void, and for this several reasons are assigned:

1. The title to the act, it is said, is in conflict with section 3 of article 3, of the constitution of Pennsylvania: "No bill, except general appropriation bills, shall be passed containing more than one

subject, which shall be clearly expressed in its title." But it is the settled construction of this section that where an act of assembly is entitled a supplement to a former act, and the subject thereof is germane to the subject of the original act, its subject is sufficiently expressed to meet the constitutional requirement. *State Line & Juniata R. Co.'s Appeal,* 77 Pa. St. 429; *Craig* v. *First Pres. Church,* 88 Pa. St. 42. In the present case the supplement, from first to last, relates to revenue by taxation, and there is no provision in it incongruous with the original act.

2. It is insisted that the third section of the act of June 10, 1881, is in conflict with section 6 of article 3, of the constitution of Pennsylvania: "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length." It cannot, of course, be pretended that there is here any violation of the first part of this section, for there was no attempt to revive or amend the original act, or to extend or confer its provisions, by reference to the title only. The objection, as stated in the bill of complaint, is this: "that said third section materially amends the provisions of section 17 of the act of June 7, 1879, (to which it is a supplement,) and fails to re-enact and publish at length so much of said act of June 7, 1879, as is thereby amended." But does the constitutional provision in question require that a supplemental and amendatory act must republish the original act or so much thereof as is amended? This I understand is what is insisted on. It seems to me, however, that such is not the natural or true construction of the clause. It is to be read as a whole, and thus considered its purpose is plain. It was intended to prevent covert legislation and the passage of laws whose meaning and object are not fully disclosed. If there is no attempt to legislate by reference to the title of the old law, it is, I think, sufficient if the proposed law in its amended form is "re-enacted and published at length." Treating of a similar constitutional provision, Mr. Cooley, in his work on Constitutional Limitations, page 185, well says that the requirement "is fully complied with in letter and spirit, if the act or section revised or amended is set forth and published as revised or amended, and that anything more only tends to render the statute unnecessarily cumbrous."

3. Again, it is contended that the third section of the act of June 10, 1881, in so far as it would subject the real estate of national banks to taxation for local purposes, is inoperative and void for repug-

nancy. The argument runs thus: Under the act of congress, (Rev. St. § 5219,) only the shares and real estate of national banks are taxable under state laws, and the shares are not taxable at any higher rate than other moneyed capital of individuals. In Pennsylvania the moneyed capital of individuals is exempt from all local taxation, and was so exempt prior to the passage of the acts of June 7, 1879, and June 10, 1881. At the time of the passage of the latter act the only property of national banks taxable for local purposes was their real estate, and therefore the restricting words in the third section of the act of June 10, 1881, excepted from the operation of the act the only property of national banks to which the exemption could extend, and they thus constitute a saving clause repugnant to the purview of the act, and void. But the argument is not satisfactory, and, even if the premises were conceded, the conclusion sought to be deduced could not be accepted; for it was held in *Hepburn* v. *The School Directors*, 23 Wall. 480, that shares in national banks, in Pennsylvania, may be valued for taxation at an amount *above* their par value. The act of June 10, 1881, therefore, does unquestionably leave something for its exemption clause to act on, and the argument based upon a supposed repugnancy plainly fails.

It will be perceived that neither the act of June 7, 1879, nor that of June 10, 1881, peremptorily imposes a tax of six-tenths of 1 per centum upon the par value of the shares of stock. Under each of these acts the payment of that tax is optional with the banks. The former act gave the banks the election to pay the specified tax in commutation for all other taxes under the laws of the commonwealth; the latter act gives the banks the like option in commutation for all taxes, except that on real estate. The only difference is in the extent of the exemption. It is not pretended that the method of taxation contemplated by this legislation is open to constitutional objections, or contravenes the provisions of the national bank act. Indeed, the plaintiff is satisfied with and seeks the benefit of the act of 1879. But why could not the legislature modify that act by the amendments incorporated in the act of June 10, 1881? Clearly it was competent for the legislature to do so.

I am of opinion that none of the objections which the plaintiff has raised against the validity of the local taxation of its real estate for the year 1882, are tenable.

At the hearing of this case the validity of the ordinance of the city of Titusville, in so far as it attempts to impose a tax license upon national banks doing business in that city, was not much discussed;

and at present I shall simply indicate what my impressions are on that subject. It seems to me the ordinance undertakes to tax the operations of national banks, and is a direct obstruction to the exercise of their corporate powers. I do not see that this license tax is distinguishable from the business tax involved in the case of the city of *Pittsburgh* v. *First Nat. Bank of Pittsburgh*, 55 Pa. St. 45, which the supreme court of Pennsylvania, following the authoritative cases of *McCulloch* v. *State*, 4 Wheat. 316, and *Osborn* v. *U. S. Bank*, 9 Wheat. 738, adjudged to be unconstitutional.

But it does not follow that because the tax is illegal, the plaintiff is entitled to an injunction to restrain the collection thereof; *Dows* v. *Chicago*, 11 Wall. 108; *Hannewinkle* v. *Georgetown*, 15 Wall. 547; *State Railroad Tax Case*, 92 U. S. 575; and I am of opinion that the bill does not bring the plaintiff's case within any of the recognized foundations of equitable jurisdiction. Id. The ordinance imposing the tax does not undertake to make it a lien, and it is not enforceable by any summary process. The ordinance gives an action of debt for its collection, and it is not otherwise collectible. To such action the bank can set up its defense, and therefore needs not equitable relief.

What has been said covers all the questions thus far raised, and it is only necessary to add that the motion for a preliminary injunction must be denied; and it is so ordered.

## NOTE.

TAXATION ON NATIONAL BANK SHARES. A suit may be maintained by a national bank, on behalf of its stockholders, to enjoin state officers from the collection of a state tax on the shares of the bank, on the ground of an illegal assessment arising from the failure to deduct from the valuation the debts owed by the shareholders,(a) although payable in the first instance by such shareholder, if a multiplicity of suits can be thereby avoided, or injury to its business or credit is anticipated.(b) A bill to restrain the collection of a state tax on the shares of national banks must show a statute discriminating against them, or that they are rated higher in proportion to actual valuation than other moneyed corporations.(c) A shareholder who has made affidavit and demand for deduction of the debts owed by him from the valuation of his shares, as required by law, may bring suit to enjoin the collection of such tax.(d) And where it is shown that the affidavit and demand would

(a) Nat. Alb. Exch. Bank v. Hills, 5 Fed. Rep. 249; Hills v. Nat. Alb. Exch. Bank, 12 Fed. Rep. 93; Cummings v. Nat. Bank, 101 U. S. 153; Pelton v. Nat. Bank. Id. 143.

(b) City Nat. Bank v. Paducah, 5 Cent. Law J. 347. See Nat. Alb. Exch. Bank v. Hills, 5 Fed. Rep. 248; but see, also, S. C. reversed, 12 Fed. Rep. 93.

(c) German Nat. Bank v. Kimball, 103 U. S. 732; Hills v. Nat. Alb. Exch. Bank, 12 Fed. Rep. 93; and see Sup'rs of Albany v. Stanley, 12 Fed. Rep. 82, and note.

(d) Hills v. Nat. Alb. Exch. Bank, 12 Fed. Rep. 93.

have been unavailing, they may show, in an action by the bank brought on their behalf, the deductions to which they were entitled.(e)    The taxation by a state of the capital stock of a national bank invested in United States securities will be restrained,(f) but injunction will not lie to restrain the collection of a tax illegally assessed by the municipal authorities upon the shares of a national bank in gross, instead of against the individual shareholders, though such municipal corporation be insolvent, as there are ample remedies at law.(g)    Nor will it restrain the collection where the shares are taxable and no excessive valuation is complained of, although the officers arrived at a correct result by an erroneous method.(h)

RESTRAINING COLLECTION OF TAX.    A court of equity will not restrain the collection of a tax on the mere allegation that it is illegal or void.(i)    There must be some additional special circumstances,(j) under some recognized head of equity jurisdiction;(k) as that its enforcement would lead to a multiplicty of suits;(l) or produce irreparable injury;(m) or irremediable oppression;* or, where it is real estate, that it would create a lien, or cast a cloud on the title;(n) or for fraud.(o)    Where there was no allegation of damage sustained, or that the sale of the land levied on would cloud the title, or work irreparable mischief, it was held that the court of equity had no jurisdiction to grant relief; that the remedy should be sought at law, where power to grant relief was full, adequate, and complete.(p)

ON GROUND OF MULTIPLICITY OF SUITS.    The equity powers of the court cannot be invoked to prevent an apprehended injury save where its exercise is necessary to prevent a multiplicity of suits.(q)    Where the rights of a large

(e) Hills v. Nat. Alb. Exch. Bank, 12 Fed. Rep. 93. See Sup'rs of Albany v. Stanley, 12 Fed. Rep. 82, and cases cited.

(f) First Nat. Bank v. Douglass Co. 3 Dill. 298.

(g) Nat. Com. Bank v. Mobile, 62 Ala. 284.

(h) St. L. Nat. Bank v. Papin, 23 Int. Rev. Rec. 343.

(i) Oliver v. Memphis, etc., R. Co. 30 Ark. 128; Armstrong v. Co. Ct. of Taylor Co. 15 W. Va. 190; Douglass v. Harrisville, 9 W. Va. 162; Woodward v. Ellsworth, 4 Col. 580; Clarke v. Ganz, 21 Minn. 387; Albany City Nat. Bank v. Maher, 6 Fed. Rep. 417; Greenup v. Franklin Co. 30 Ark. 101; State Railroad Tax Cases, 92 U. S. 643; Mann v. Board of Ed. 53 How. Pr. 289; Swinney v. Board, 71 Ill. 27; Leitch v. Wentworth, 71 Ill. 146; McConkey v. Smith, 73 Ill. 313; Village of Nunda v. Village of Chrystal Lake, 79 Ill. 311; Alexander v. Dennison, 2 McArth. 562; Wells v. Dayton, 11 Nev. 161; U. P. R. Co. v. Lincoln Co. 2 Dill. 297; Messick v. Sup'rs, 50 Barb. 190; Hanlon v. West Chester Co. 57 Barb. 383; Susquehanna Bank v. Broome Co. 25 N. Y. 312; Weaver v. State, 39 Ala. 535; Cook Co. v. Chicago, etc., R. Co. 35 Ill. 460; McDonald v. Murphree, 45 Miss. 705; Sayre v. Tompkins, 23 Mo. 443; First Nat. Bank v. Meredith, 44 Mo. 500; Barrow v. Davis, 46 Mo. 394; McPike v. Pew, 48 Mo. 525.

(j) Armstrong v. Co. Ct. of Taylor Co. 15 W. Va. 190; Douglass v. Harrisville, 9 W. Va. 162; Clarke v. Ganz, 21 Minn. 387; Parmley v. St.

Lawrence, etc., R. Co. 3 Dill. 13; Barley v. Pacific, etc., R. Co. Id. 22; Murphy v. Mayor, 10 Reporter, 765; Dows v. Chicago, 11 Wall. 108.

(k) Armstrong v. Co. Ct. of Taylor Co. 15 W. Va. 190; Douglass v. Harrisville, 9 W. Va. 162; Clarke v. Ganz, 21 Minn. 387; Carrothers v. Board of Ed. 16 W. Va. 327; South Platte Land Co. v. Buffalo Co. 7 Neb. 253; Same v. Crete, 11 Neb. 344.

(l) Carrothers v. Board of Ed. 16 W. Va. 327; Armstrong v. Co. Ct. of Taylor Co. 15 W. Va. 190; Douglass v. Harrisville, 9 W. Va. 162; South Platte Land Co. v. Buffalo Co. 7 Neb. 253; Murphy v. Mayor, 10 Reporter, 765; Guest v. City of Brooklyn, 69 N. Y. 506; State Railroad Tax Cases, 92 U. S. 575.

(m) Douglass v. Harrisville, 9 W. Va. 102; Murphy v. Mayor, 10 Reporter, 765; Ivenson v. Hance, 1 Wyo. 270; South Platte Land Co. v. Buffalo Co. 7 Neb. 253; Guest v. City of Brooklyn, 69 N. Y. 506; Osborn v. Bank, 9 Wheat. 738.

(*) State Railroad Tax Cases, 92 U. S. 575.

(n) Douglass v. Harrisville, 9 W. Va. 162; Murphy v. Mayor, 10 Reporter, 765; Ivenson v. Hance, 1 Wyo. 270; South Platte Land Co. v. Buffalo Co. 7 Neb. 253; Guest v. City of Brooklyn, 69 N. Y. 506; State Railroad Tax Cases, 92 U. S. 575.

(o) Murphy v. Mayor, 10 Reporter, 765.

(p) Moody v. Jamison, 54 Tex. 492.

(q) Guest v. City of Brooklyn, 69 N. Y. 506; Greenup v. Franklin Co. 30 Ark. 101.

number of persons are involved, or a multitude of suits may be averted, and great individual loss and damage prevented, a court of equity may interfere to prevent the collection of a tax.(*r*) Where the case is brought under some head of equity jurisdiction, and brought in behalf of himself alone or of all other tax-payers similarly situated, if shown that the tax is illegal, to avoid a multiplicity of suits, equity will take jurisdiction by injunction,(*s*) as equity disfavors a multiplicity of suits.(*t*) Multiplicity does not mean multitude, and injunction will not be granted where the object is to obtain a consolidation of actions, or to save the expense of separate actions;(*u*) that assessment is divided into a number of installments, does not bring it within this exception.(*v*) Where an alleged illegality extends to the whole assessment, or where it affects in the same manner a number of persons, so that the question involved can be presented by one bill, filed by all or any number thus interested, such joint bill may properly be filed.(*w*) An action in equity may be maintained by any one upon whose real estate an apparent lien has been created on his own behalf, and in behalf of others in like situation, to have it canceled and to restrain its enforcement.(*x*) The rule applied to assessments for local improvements.(*y*) When brought by more than one complainant, a bill which states distinct grounds for relief, relied on by each separately, is multifarious.(*z*) When an invalid tax includes an assessment on personalty as well as on realty, a court which obtains jurisdiction to restrain the collection of the tax on the land may properly give relief to the person.(*a*)

IRREPARABLE INJURY. In no case will the collection of a tax be enjoined where it is not shown that the injury resulting from its enforcement would be irreparable;(*b*) but where irreparable injury would ensue the court will enjoin the sale;(*c*) and this fact must appear in the bill by issuable averments;(*d*) and it must clearly appear not such an indebtedness as the duty of a citizen requires him to discharge.(*e*) It must appear that his rights will be greatly or irreparably affected by the acts sought to be restrained, and the

(*r*) George v. Dean, 47 Tex. **73.**

(*s*) Carrothers v. Board of Ed. 16 W. Va. 327; Deenan v. Board of Ed. 9 W. Va. 246; London v. City of Wilmington, 78 N. C. 109.

(*t*) Conkling v. Secor Sew. Mach. Co. 55 How. Pr. 269.

(*u*) Murphy v. Mayor, 10 Reporter, **765.**

(*v*) Guest v. City of Brooklyn, 69 N. Y. **506.**

(*w*) Brandorff v. Harrison Co. 50 Iowa, 164; Mandeville v. Riggs, 2 Pet. 482; Floyd v. Gilbreath, 27 Ark. 675; Webster v. Harwinton, 32 Conn. 131; Terret v. Sharon, 34 Conn. 105; King v. Wilson, 1 Dill. 555; Coulson v. Portland, Deady. 481; Bull v. Read, 13 Gratt. 78; Johnson v. Drummond, 20 Gratt. 419; Holmes v. Baker, 16 Gray, 259; Vanover v. The Justices, 27 Ga. 354; Lafayette v. Cox, 5 Ind. 38; Nill v. Jenkinson, 15 Ind. 425; Oliver v. Keighley, 23 Ind. 514; Harwood v. St. Clair, etc., Co. 51 Ill. 130; McMillan v. Lee Co. 8 Iowa, 311; Kerr v. Lansing, 17 Mich. 34; Scofield v. Lansing, Id. 437; Metz v. Detroit, 18 Mich. 495; Baltimore v. Porter, 18 Md. 284; Baltimore v. Sill, 31 Md. 375; Hooper v. Ely, 46 Mo. 505; Steiner v. Franklin Co. 48 Mo. 167; Barr v. Deniston, 19 N. H. 170; Manly v. Raleigh,

4 Jones, Eq. 370; Galloway v. Jenkins, 63 N. C. 147; Upington v. Oviatt, 24 Ohio St. 232; Mott v. Penn. R. Co. 30 Pa. St. 39; Page v. Allen, 58 Pa. St. 338; Stevens v. Rutland, etc., R. Co. 29 Vt. 545.

(*x*) Clark v. Village of Dunkirk, 12 Hun, 181; Meth. Epis. Church v. New York City, 27 Hun, 297; Temple Grove Seminary v. Cramer. 33 Hun, 388.

(*y*) Kennedy v. City of Troy, 14 Hun, 308; Clark v Village of Dunkirk, 12 Hun, 181.

(*z*) Hudson v. Atchison Co. 12 Kan. 140; Kerr v. Lansing, 17 Mich. 34.

(*a*) Folkerts v. Power, 42 Mich. 203.

(*b*) Ritter v. Patch, 12 Cal. 298; South Platte Land Co. v. Buffalo Co. 7 Neb. 353.

(*c*) Oliver v. Memphis & L. R. R. Co. 30 Ark. 128.

(*d*) Ritter v. Patch, 12 Cal 298; Frost v. Flick, 1 Dak. 131. See Sheldon v. School-dist. 25 Conn. 224; Dodd v. Hartford, Id. 232; and compare Sav. & Loan Ass'n v. Austin, 46 Cal. 415; Houghton v. Austin, 47 Cal. 646; Central Pac. R. Co. v. Corcoran, 48 Cal. 65.

(*e*) Frost v. Flick, 1 Dak. 131.

right must be clear, and the remedy at law inadequate.(*f*)   This rule is applicable to an assessment for a local improvement as well as to a state and county tax.(*g*)

CLOUD ON TITLE.   A court of equity will not restrain a sale for taxes where the only damage is to cast a cloud on the title;(*h*) nor will it interfere to remove a cloud on title till one exists;(*i*) as a man may protect his land from sale upon a tax warrant, or from a cloud on his title by a tax lien, by paying the tax and suing to recover it back.   Such payment is not to be regarded as voluntary.(*j*)   A bill to enjoin the collection of a tax, which by statute is made a lien on lands, sustained as a proper one to remove a cloud on title to lands.(*k*)   But where the assessment is made a personal charge against the owner, and not a lien on the land, no other ground would authorize equitable interference than such as would exist in case of a tax on personalty.(*l*)   Where a tax constitutes an apparent lien on lands, and might result in a sale and conveyance by deed, which would be *prima facie* evidence of title, a bill will lie to enjoin its collection where the tax is illegal;(*m*) and a sale by public officers under authority of law, but having no authority in fact, is such a cloud as would authorize the interposition of a court of equity.(*n*)

ON GROUND OF FRAUD.   Equity has jurisdiction to enjoin the sale of personal property for taxes where the bill alleges and the proof shows that the taxes were fraudulent;(*o*) as where the property was fraudulently assessed at too high a rate;(*p*) or where there is a clear case of fraud in the valuation of the property.(*q*)   In the latter case the proof must be clear and irresistible, and the injury likely to result must be considerable;(*r*) and where the bill fails wholly to show a fraudulent assessment, but only an excessive valuation and irregularities in making the assessment, injunction will not lie;(*s*) but proof of fraud is necessary only where the error or irregularity is one of those enumerated.   Where not enumerated, and it is a substantial one, proceedings to vacate are maintainable without proof of fraud under the statute.(*t*)   A statement in the bill that the assessment was outrageously exorbitant and was fraudulently made, without showing in what the overvaluation consists, and giving no facts or particulars, is not sufficient, as a mere allegation of fraud is not sufficient, and overvaluation of itself will not establish fraud.(*u*) If fraud is charged, equity may interfere; but courts have no right to interfere

(*f*) Normand v. Otoe Co. 8 Neb. 18; Dodd v. Hartford, 25 Conn. 232.

(*g*) Dean v. Davis, 51 Cal. 407.

(*h*) Red v. Johnson, 53 Tex. 284.

(*i*) Judd v. Town of Fox Lake, 28 Wis. 583; Milwaukee Iron Co. v. Hubbard, 29 Wis 32.

(*j*) Seeley v. Westport, 47 Conn. 294.

(*k*) Thomas v. Gain, 35 Mich. 155.

(*l*) Brewer v. Springfield, 97 Mass. 152; Hunnewell v. Charlestown, 106 Mass. 350; Williams v. Detroit, 2 Mich. 560; Henry v. Gregory, 29 Mich. 68.

(*m*) Marquette R. Co. v. Marquette, 35 Mich. 504.

(*n*) Ottowa v. Walker, 21 Ill. 305; Chicago, B. & Q. R. Co. v. Frary, 22 Ill. 34; Barnard v. Hoyt,

63 Ill. 341; Litchfield v. Polk Co. 18 Iowa, 70; Holland v. Baltimore, 11 Md. 186 : Leslie v. St. Louis, 47 Mo. 474; Burnett v. Cincinnati, 3 Ohio, 73 ; Culbertson v. Cincinnati, 16 Ohio, 574; Dean v. Madison, 9 Wis. 402.

(*o*) Lewis v. Spencer, 7 W. Va. 689.

(*p*) Frost v. Flick, 1 Dak. 131; Evans v. Gage, 1 Bradw. 202; Cleghorne v. Postlewaite, 43 Ill. 428; Albany Min. Co. v. Aud. Gen. 37 Mich. 391.

(*q*) Union Trust Co. v. Weber, 96 Ill. 346; Town of Lemont v. Singer & Talcott Stone Co. 98 Ill. 94.

(*r*) Union Trust Co. v. Weber, 96 Ill. 346.

(*s*) Gage v. Evans, 90 Ill. 569.

(*t*) In re Emigrant Indust. Sav. Bank, 75 N. Y. 389.

(*u*) Union Trust Co. v. Weber, 92 Ill. 346.

on the ground that the tax is unfair or unjust, unless the fundamental law of the land has been violated.(*v*)

ON PROPERTY NOT SUBJECT TO TAXATION. Where taxes are levied on property wholly exempt, their collection may be restrained.(*w*) But while courts of equity will, in many cases, enjoin the collection of a tax sought to be enforced against property exempt from taxation, yet they will not enjoin the collection of the whole tax, because, in determining the valuation of an aggregate property, exempt property may have been included as a factor.(*x*) Where the only ground of relief is a present use for religious and charitable purposes, a decree restraining the collection of taxes is erroneous.(*y*) So a school-house used and occupied for a boarding-school is not exempt.(*z*) When the board of equalization adds to the return of a tax-payer an item of property not taxable, and directs the county auditor to carry the amount so added on the duplicate, and assesses against it the rate of taxation paid for state, county, and city purposes, an injunction lies to enjoin the auditor.(*a*) When the board of equalization adds to the return of the tax-payer an item of property not taxable, and directs a person to carry the amount so added on the duplicate and assessment against it at the rate of taxation, injunction will lie to enjoin the auditor from so doing.* That land within the municipal corporation is used for agricultural purposes, and the owner derived no benefit from it, is no ground for an injunction.(*b*)

TAX ON PROPERTY OF ANOTHER. While it is a general rule that a court of equity will not interfere to restrain the collection of taxes, yet it will not refuse to restrain a tax collector by injunction, where the party against whom he is proceeding is not the tax debtor, and the property is not that on which the tax was laid;(*c*) especially where there is no remedy at law; as where the party taxed is insolvent and not ready to respond in damages.(*d*) Where a party not the owner or lessee of property, having no taxable interest therein, but who is merely in joint use with the owner for a compensation, is taxed for one-half of its value, the tax will be illegal and levied without warrant of law, and equity will enjoin its collection;(*e*) but where a railroad company, having the use of another road, agrees to advance money to the latter to pay the taxes, it cannot enjoin the collection of such taxes, which are proper and legal on the assumed ground of its ownership of the property.(*f*)

WITHOUT AUTHORITY OF LAW. A court may enjoin the collection of a tax, and will exercise its power in all cases where the tax has been levied

(*v*) Linton v. Mayor of Athens, 53 Ga. 588; Cleghorne v. Postlewaite, 43 Ill. 428; Darling v. Gunn, 50 Ill. 424.

(*w*) Frost v. Flick, 1 Dak. 131; Illinois Cent. R. Co. v. McLean Co. 17 Ill. 391; Louisville & N. Co. v. Gaine, 3 Fed. Rep. 206; Village of Nunda v. Village of Chrystal Lake, 79 Ill. 311; Union Transp. Co. v. Weber, 96 Ill. 346; Town of Lemont v. Singer & Talcott Stone Co 93 Ill. 94; Evans v. Gage, 1 Bradw. 202; Smith v. Osburn, 53 Iowa, 474; Washington He'ghts M. E. Church v. New York, 20 Hun, 247; Albany, etc., Min. Co. v. Aud. Gen. 37 Mich 171; Kimball v. Merchants' Sav., L. & T. Co. 89 Ill. 611; State v. Ormsby Co.

7 Nev. 392; Morris, etc., Co. v. Jersey City, 1 Beas. 227.

(*x*) Huck v. Chicago & A. R. Co. 86 Ill. 352.

(*y*) Beach v. Shoenmaker, 18 Kans. 147.

(*z*) Red v. Johnson, 53 Tex. 284.

(*a*) Jones v. Davis, 35 Ohio St. 474.

(*) Jones v. Davis, 10 Reporter, 122.

(*b*) Linton v. Mayor of Athens, 53 Ga. 588.

(*c*) Seeley v. Westport, 47 Conn. 294. But see Waterbury Sav. Bank v. Lawler, 46 Conn. 243.

(*d*) Deming v. Jones, 72 Ill. 78.

(*e*) Irwin v. N. O , St. L. & C. R. Co. 91 Ill. 105.

(*f*) Archer v. Terre Haute & Ind. R. Co. 102 Ill. 493.

without authority of law;(g) or where the persons imposing it are not authorized by law;(h) or where the persons attempting to levy are not officers de jure or de facto, and unauthorized by law;(i) or where levied by persons authorized, but who transcend their authority,(j) and exceeded the amount authorized by law;(k) or where the tax was illegally assessed;(l) or assessed in conflict with the statute.(m) Injunction is the proper remedy to prevent the sale of real estate for taxes, the levying of which is prohibited by law.(n) Courts of chancery have jurisdiction to enjoin illegal taxes or assessments by counties, cities, or other tribunals, boards or officers,(o) and such jurisdiction is not taken away by the statute.(p) Justices' courts have authority to issue injunctions in all tax suits of which they have jurisdiction.(q) The amount of the tax in dispute is the criterion of jurisdiction.(r) A party seeking by injunction equitable relief against an alleged unauthorized action of the board of equalization, must establish clearly facts showing that the board had acted illegally and without authority.(s)

ILLEGAL TAXATION. A court of equity will not interfere on the sole ground that the statute imposing the tax is unconstitutional;(t) so where the only ground is that the statute annexing the lands taxed to the municipality which had levied the tax, was unconstitutional; for if the law was valid, the tax was good, and if void, the invalidity was apparent on the face of the assessment and could not cloud the title. Injunction will not lie where the defect is patent.(u) If the tax is illegal on the face of the proceedings, or totally void, and carries with it on the record notice of its illegality, no relief can be obtained in equity;(v) but where the assessment on the face of the proceedings is valid, and it requires extraneous evidence to show that it is invalid, equity will relieve to prevent a cloud on the title.(w) So a deed given by a

---

(g) Frost v. Flick, 1 Dak. 131; Wright v. S. W. Ry. Co. 64 Ga. 783; Kimball v. Merchants' Sav., L. & T. Co. 89 Ill. 611; Union Trust Co. v. Weber, 96 Ill. 340; McClure v. Owen, 21 Iowa, 133; Webster v. Baltimore Co. 51 Md. 395; Marion Co. v. Barker, 25 Kan. 258.

(h) Albany, etc., Min. Co. v. Aud. Gen. 37 Mich. 391; Evans v. Gage, 1 Bradw. 202.

(i) Village of Nunda v. Village of Chrystal Lake, 79 Ill. 311; Union Trust Co. v. Weber, 96 Ill. 346; Town of Lemont v. Singer & Talcott Stone Co. 98 Ill. 94; Albany, etc., Min. Co. v. Aud. Gen. 37 Mich. 391.

(j) South Platte Land Co. v. Buffalo Co. 7 Neb. 253; Village of Nunda v. Village of Chrystal Lake, 79 Ill. 311.

(k) Town of Lemont v. Singer & Talcott Stone Co. 98 Ill. 94.

(l) Folkerts v. Powers, 42 Mich. 283; Frost v. Flick, 1 Dak. 131.

(m) Hassan v. City of Rochester, 67 N. Y. 528.

(n) Mechanics' Bank v. City of Kansas, 73 Mo. 555.

(o) Little Rock v. Barton, 33 Ark. 436.

(p) Carrothers v. Clinton District, 16 West Va. 527.

(q) Gonzales v. Lindsay, 30 La. Ann. 1085.

(r) Adams v. Board of Com'rs, McCahon, 241.

(s) International & G. N. R. Co. v. Smith Co. 54 Tex. 1.

(t) Townsend v. New York City, 77 N. Y. 542.

(u) Curtis v. East Saginaw, 35 Mich. 508; Townsend v. New York City, 77 N. Y. 542; Stewart v. Palmer, 74 N. Y. 183.

(v) Ewing v. St. Louis, 5 Wall. 413; Hannewinkle v. Georgetown, 15 Wall. 547; Mobile, etc., R. Co. v. Peebles, 47 Ala. 317; Floyd v. Gilbreath, 27 Ark. 675; Robinson v. Gaar, 6 Cal. 273; Bucknall v. Story, 36 Cal. 67; Stewart v Palmer, 74 N. Y. 183; Cox v. Clift, 2 N. Y. 118; Scott v. Onderdonk, 14 N. Y. 9; Hatch v. Buffalo, 38 N. Y. 276; Newell v. Wheeler, 48 N. Y. 486; Livingston v. Hollenbeck, 4 Barb. 9; Van Rensselaer v. Kidd, Id. 17; Bonton v. Brooklyn, 15 Barb. 375; Messerole v. Brooklyn, 8 Paige, 198; Wiggins v. New York, 9 Paige, 16; Van Doren v. New York, Id. 388; Dean v. Madison, 9 Wis. 402; Head v. James, 13 Wis. 641; Shepardson v. Millwaukee, 28 Wis. 593; Milwaukee Iron Co. v. Hubbard, 29 Wis. 51.

(w) Clark v. Village of Dunkirk, 12 Hun, 181; Meth. Epis. Church v. New York, 27 Hun, 297; Temple Grove Seminary v. Cramer, 33 Hun, 388; Dows v. Chicago, 11 Wall. 108; Hannewinkle v. Georgetown, 15 Wall. 547; Coulson v. Portland, Deady, 481; Huntington v. Cent. Pac. R. Co.

public officer is an apparent cloud, requiring extraneous evidence to remove.(*x*) Such deed is presumptive evidence that all the statutory provisions have been complied with.(*y*) Whenever the claim of the adverse party to the land is valid upon its face, and it requires extrinsic evidence to establish its invalidity and illegality, the court will entertain jurisdiction in equity.(*z*)

TAXES IN PART ILLEGAL. Courts will not interfere with the collection of taxes unless they are void, or are levied without authority,(*a*) nor restrain an extension of a tax on the tax-books unless wholly unauthorized and void in all its parts;(*b*) and not then, unless the tax-payer has paid or tendered such taxes as are legal.(*c*) If a portion of a tax is legal and a portion illegal, if the legal can be separated from the illegal, an injunction will not be granted to restrain the collection of the entire tax;(*d*) but if they cannot be separated, a sale for the collection of such mixed taxes is void.(*e*) A bill against a sheriff alone, to enjoin the collection of county taxes, cannot be maintained on the allegation that the claims for which the taxes were levied were "in great part illegal."(*f*) The payment of that portion which is legal, is a condition precedent to the right to maintain the suit.(*g*)

OMISSIONS FROM ASSESSMENT ROLL. Unlawful exemptions or omissions from the assessment rolls will invalidate the whole assessment.(*h*) Where assessors omitted from the assessment property benefited by the improvement, an action may be maintained by one or more persons assessed on behalf of themselves and others similarly situated to restrain the enforcement and col-

2 Sawy. 503; Shell v. Martin, 19 Ark. 189; Chaplin v. Holmes, 27 Ark. 414; Harmer v. Bohug, 8 Cal. 384; Webber v. San Francisco, 1 Cal. 455; Robinson v. Gaar, 6 Cal. 273; Cohen v. Sharp, 44 Cal. 29; Gage v. Rohrbach, 56 Ill. 262; Gage v. Billings, Id. 268; Reed v. Tyler, Id. 288; Gage v. Chapman, Id. 311; Barnett v. Cline, 60 Ill. 205; Reed v. Reber, 62 Ill. 240; Lee v. Ruggles, Id. 427; Harrison v. Haas, 25 Ind. 281; Lapp v. Morrill, 8 Kan. 678; Leigh v. Everhart, 4 T. B. Mon. 379; Conway v. Waverly, 15 Mich. 257; Palmer v. Rich. 12 Mich. 414; Scofield v. Lansing, 17 Mich. 437; Kenyon v. Duchene, 21 Mich. 498; Weller v. St. Paul, 5 Minn. 95; Morrison v. St. Paul, 9 Minn. 108; Lockwood v. St. Louis, 24 Mo. 20; Fowler v. St. Joseph, 37 Mo. 228; South Platte Land Co. v. Buffalo Co. 7 Neb. 253; Morris Canal Co. v. Jersey City, 1 Beas. 227; Moers v. Smedley, 6 Johns. Ch. 28; Pettit v. Shephard, 5 Paige, 493; Oakley v. Trustees, 6 Paige, 262; Van Doren v. New York, 9 Paige, 388; Hanlon v. Supervisors, 57 Barb. 283; Scott v. Onderdonk, 14 N. Y. 9; Heywood v. Buffalo, Id. 534; Ward v. Dewey, 16 N. Y. 519; Hatch v Buffalo, 38 N. Y. 276; Allen v. Buffalo, 39 N. Y. 336; Crooke v. Andrews, 40 N. Y. 547; Overing v. Foote, 43 N. Y. 290; Newell v. Wheeler, 48 N. Y. 486; Dean v. Madison, 9 Wis. 402; Weeks v. Milwaukee, 10 Wis. 242; Jenkins v. Rock Co. 15 Wis. 11; Mitchell v. Milwaukee, 18 Wis. 92; Crane v. Janesville, 20 Wis. 305; Grimmer v. Sumner, 21 Wis. 179; Hamilton v. Fond du Lac, 25 Wis. 490; Siegel v. Outagamie Co. 26 Wis. 70; Judd v. Fox Lake, 28

Wis. 583; Shepardson v. Milwaukee, Id. 593; Weis v. Grosvenor, 31 Wis. 681.

(*x*) Beach v. Hayes, 58 How. Pr. 17.

(*y*) Beach v. Hayes, 58 How. Pr. 17.

(*z*) Lewis v. City of Buffalo, 1 Sheld. N. Y. Super. Ct. 80.

(*a*) Ottawa Glass Co. v. McCaleb, 81 Ill. 556.

(*b*) Ottawa Glass Co. v. McCaleb, 81 Ill. 556.

(*c*) Ottawa Glass Co. v. McCaleb, 81 Ill. 556.

(*d*) Burlington & Mo. Riv. R. Co. v. York Co. 7 Neb. 487; Mesker v. Koch, 76 Ind 68.

(*e*) Shattuck v. Daniel, 52 Miss. 834.

(*f*) Beck v. Allen, 58 Miss. 143.

(*g*) Twombly v. Kimbrough, 24 Ark. 459; Adams v. Castle, 30 Conn. 404; O'Kane v. Treat, 25 Ill. 557; Taylor v. Thompson, 42 Ill. 9; Briscoe v. Allison, 43 Ill. 291; Reed v. Taylor, 56 Ill. 288; Barnett v. Cline, 60 Ill. 205; Harrison v. Haas, 25 Ind. 281; Roseberry v. Huff, 27 Ind. 12; Board of Com'rs v. Elston, 32 Ind. 271; Morrison v. Hershire, 32 Iowa, 271; Shelton v. Dunn, 6 Kan. 128; Conway v. Waverly, 15 Mich. 257; Palmer v. Napoleon, 16 Mich. 176; Frazer v. Siebern, 16 Ohio St. 614; Hersey v. Milwaukee, 16 Wis 185; Bond v. Kenosha, 17 Wis. 284; Myrick v. La Crosse. Id. 442; Mills v. Johnson, Id. 598; Mills v. Charleston, 29 Wis. 400; Dean v. Borschsenius, 30 Wis. 236.

(*h*) New Orleans v. Fourchy, 30 La. Ann. 910; People v. McCrevy, 34 Cal. 32; Muscatine v. Railroad Co. 1 Dill. 542; Insurance Co. v. Yard, 17 Pa. 339; Morrison v. Larkin, 26 La. Ann. 702; Illinois Cent. R. Co. v. McLean Co. 17 Ill. 291.

lection of the same;(*i*) and the payment of part of the assessment will not prevent suit to restrain further prosecution.(*j*) Accidental omissions of property from the assessment roll, or omissions though purposely made under a mistake of law, and in the belief that the omitted property is not taxable, is no ground for enjoining the collection of the tax upon the property which is assessed.(*k*) One whose assessment is increased by an unauthorized omission of lands of another, may maintain an action against the city to restrain the enforcement of the assessment;(*l*) but where the proof merely shows that in the assessment of property in the city there was an undervaluation in a few cases, it is not sufficient to vitiate the whole assessment.(*m*)

ERRORS AND IRREGULARITIES. A court of equity will not interfere to correct an erroneous assessment and enjoin the collection of taxes thereon.(*n*) The remedy at law in such cases is deemed exclusive.(*o*) There will be no judicial interference on account of irregularities in the return or assessment;(*p*) as for a failure to return the assessment roll to the county clerk in time.(*q*) So a mere informality, which does not affect a substantial right, in no way invalidates the tax;(*r*) as in the mere form of the assessment,(*s*) or a misdescription or irregular entry in the tax list,(*t*) or the omission of an officer to do his duty.(*u*) But if the tax has been certified by mistake by the clerk to have been voted, when in fact the proposition was defeated, equity will restrain its collection.(*v*) A mere irregularity, either in making valuation or levying, will not vitiate unless it substantially affects the justice of the tax,(*w*) or unless fraudulently done,(*x*) or unless property is doubly taxed;(*y*) but the collection of taxes on the capital stock of corporations, over and above the value of its taxable property, will not be enjoined as double taxation,(*z*) or unless a party is denied a legal right, as the right to work out a poll tax;(*a*) but a failure of

(*i*) Clark v. Village of Dunkirk, 12 Hun, 181; Kennedy v. City of Troy, 14 Hun, 308.

(*j*) Clark v. Village of Dunkirk, 12 Hun, 181; Kennedy v. City of Troy, 14 Hun, 308.

(*k*) Burlington & Mo. Riv. R. Co. v. Saline Co. 12 Neb. 324; Burlington & Mo. Riv. R. Co. v. Seward Co. 10 Neb. 211.

(*l*) Hassen v. City of Rochester, 65 N. Y. 519; S. C. 6 Lans. 185.

(*m*) Marshall v. Benson, 48 Wis. 558.

(*n*) State Railroad Tax Cases, 92 U. S. 613; Powers v. Bowman, 53 Iowa, 359; Chicago, B. & Q. R. Co. v. Sidons, 88 Ill. 320; Burke v. Speer, 59 Ga. 353; Decker v. McGowan, 59 Ga. 805; Georgia Mut. L. Ass'n v. McGowan, Id. 811; Merchants' B. & L. Ass'n v. Peter, 63 Ga. 351; Thatcher v. People, 79 Ill. 597; Purrington v. People, 79 Ill. 11; Morrill v Douglass 17 Kans. 293; Beers v. People, 83 Ill. 488.

(*o*) Maclot v. Davenport, 17 Iowa, 379; Coulin v. Seaman, 22 Cal. 546; Emery v. Bradford, 29 Cal. 75; Nolan v. Reese, 32 Cal. 484; Chambers v. Satterlee, 40 Cal. 497; Windsor v. Field, 1 Conn. 279; Peoria v. Kidder, 26 Ill. 351; Deane v. Todd, 22 Mo. 90; Hughes v. Kline, 30 Pa. St. 280. See State v. Baxter, 36 N. J. L. 188; State v. Mayor, Id. 288.

(*p*) Burke v. Spear, 59 Ga. 353; Decker v. Mc-Gowan, 59 Ga. 805; Georgia M. L. Ass'n v. Mc-Gowan, Id. 811; Stockle v. Silsbee, 41 Mich. 615; State Cent. R. Co. v. Mutchler, 41 N. J. L. 96; Schofield v. Watkins, 22 Ill. 66; Chicago, B. & Q. R. Co. v. Frary, 22 Ill. 34; Munson v. Minor, Id. 594; Metz v. Anderson, 23 Ill. 463; Du Page Co. v. Jenks, 65 Ill. 275.

(*q*) Burlington & Mo. Riv. R. Co. v. Saline Co. 12 Neb. 396.

(*r*) Burlington & Mo. Riv R. Co. v. Lancaster Co 12 Neb. 324; People v. Assessors of Brooklyn, 16 Hun, 196; State Cent. R. Co. v. Mutchler, 41 N. J. L. 96.

(*s*) State v. N. J. R. Co. 41 N. J. L. 235.

(*t*) George v. Dean, 47 Tex. 73.

(*u*) Matter of Pinckney, 29 Hun, 474; Burt v. Aud. Gen. 39 Mich. 126.

(*v*) Cattrell v. Lowry, 45 Iowa, 478.

(*w*) Law v. People, 87 Ill. 385; Sioux City & St. P. R. Co. v. Osceola Co. 45 Iowa, 168.

(*x*) Gage v. Evans, 90 Ill. 569.

(*y*) Union Trans. Co. v. Webber, 96 Ill. 346; Com. v. Sup'rs of Colby, 29 Pa. St. 121; Sav. & L. Soc. v. Austin, 46 Cal. 415.

(*z*) Danville Lumber, etc., Co. v. Parks, 88 Ill. 463.

(*a*) Miller v. Gorman, 38 Pa. St. 309; Sioux City & St. P. R. Co. v. Osceola Co. 45 Iowa, 168.

the road supervisors to give notice of the time when and place where the road tax will be worked out, does not invalidate the tax on the lands of a non-resident.(*b*)   It must appear that equity alone can give redress,(*c*) and that the assessment is illegal and void as distinguished from irregular.(*d*)

REMEDY AT LAW.   Equity will not restrain the collection of a tax when there is a full and adequate remedy at law,(*e*) even though fraud be alleged in the bill;(*f*) and although the levy is on real estate, except in extreme cases.(*g*)   The party seeking relief in equity must be without a legal remedy, or the remedy must be practically useless.(*h*)   A court of equity will not enjoin a tax collector who threatens to seize personal property without lawful authority, as such seizure would be mere trespass, remediable in a court of law;(*i*) and if a defense in a tax suit is available at law, equity will not enjoin.(*j*) There is no remedy in equity when the state statute provides a remedy for illegal assessments;(*k*) and the fact that the remedy provided by statute may be inadequate, does not justify judicial interference,(*l*) as it is in the discretion of the legislature to provide the mode of assessment, and the exercise of that discretion is not reviewable in the courts.(*m*)   Where a mode is prescribed, and a tribunal established by law to provide against an illegal tax, complainant has a full and adequate remedy at law.(*n*)

EXCESSIVE VALUATION.   Excessive valuation alone will not be sufficient to warrant the interference of a court of equity.(*o*)   Courts of equity cannot convert themselves into assessors for purposes of taxation and reassess in every case where the assessor has erred in his judgment as to the value of property, even if the tax-payer has notified the assessor that the true value is less than that fixed in the assessment, and the collection of the tax will not be enjoined merely because of an erroneous judgment in the valuation of property, or for a mistake in deducting the proper amount of exemptions where no fraud is shown.(*p*)   When the inequality of valuation is the result of a statute of the state designed to discriminate injuriously against any class of persons or species of property, the court will grant appropriate relief.(*q*)

EXCESSIVE ASSESSMENTS.   The collection of a tax will not be enjoined, although the assessment is alleged to be excessive of the amount authorized

(*b*) Burlington & Mo. Riv. R. Co. v. Lancaster Co. 4 Neb. 293.

(*c*) Chicago, etc., R. Co. v. Siders, 88 Ill. 320.

(*d*) City of Delphi v. Bowen, 61 Ind. 29 ; Bank v. Waters, 12 Reporter, 292.

(*e*) Hewitt's Appeal, 83 Pa. St. 55; Brown v. Concord, 58 N. H. 375; Sav. Bank v. Portsmouth, 52 N. H. 17 ; Taylor v. Secor, U. S. Sup. Ct. Oct. T. 1875; Hagenbuch v. Howard, 34 Mich. 1; Mears v. Howarth, 34 Mich. 138.

(*f*) Hagenbuch v. Howard, 34 Mich. 1.

(*g*) Rowland v. First School-dist. 42 Conn. 30.

(*h*) Clarke v. Ganz, 21 Minn. 287.

(*i*) Baldwin v. Tucker, 16 Fla. 298; Price v. Kramer, 4 Col. 546.

(*j*) Archer v. Terre Haute & Ind. R. Co. 102 Ill. 493.

(*k*) Heckman v. New York City, 29 Hun, 590; Green v. Mumford, 5 R. I. 472; Woodward v. Ellsworth. 4 Col. 580; Magee v. Denton, 5 Blatchf. 130; Weaver v. State, 39 Ala. 535; Dodd v. Hartford, 25 Conn. 232; Missouri Riv. etc., R. Co v. Wheaton, 7 Kans. 232.

(*l*) Warren v. St. Paul, 4 Law & Eq. Rep. 556.

(*m*) King v. Portland City, 2 Or. 146.

(*n*) Brewer v. Springfield, 97 Mass. 152; Brooklyn v. Messerole, 26 Wend. 132; Woodward v. Ellsworth, 4 Col. 581; Meth. Epis. Church v. New York, 55 How. Pr. 57.

(*o*) Evans v. Gage, 1 Bradw. 202; Pacific Hotel Co. v. Lieb, 83 Ill. 602; Woodman v. Ely, 2 Fed. Rep. 839.

(*p*) Traders' Ins. Co. v. Farwell, 102 Ill. 13.

(*q*) People v. Weaver, 100 U. S. 539; Fulton v. Nat. Bank, 101 U. S. 143; Cumming v. Nat. Bank, Id. 153 ; Nat. Bank v. Kimball, 2 Morr. Trans 463.

by law,(r) the remedy in such case being given by statute.(s) Where a person claims that the assessment of taxes was excessive, but failed to apply to the board of appeals to have the error corrected, and no excuse given for his failure to apply at the proper time, the courts cannot interfere to stay the collection of the tax,(t) unless made excessive from corrupt and malicious motives;(u) and it will not interpose unless clearly shown that the tax is inequitable and against conscience.(v) Where the excess in the taxes is easily ascertained, the court will restrain the collection of such excess (w) Injunction in such case is the proper remedy, but before the writ is granted the court should require the complainant to pay so much of the tax as he confesses to be due.(x) The party seeking an injunction should pay so much of the tax as it can plainly be seen he ought to pay. He cannot be permitted to enjoin the collection because his tax is in excess of what is just and lawful, so as to screen himself from any tax at all, until the precise amount is ascertained by a court of equity.(y) If any part of a tax is legal, that part must be paid before the party will be heard to complain of an illegal portion.(z) The general rule is that the bill of injunction will not be sustained unless the portion properly collectible is paid or tendered.(a) And the bill is defective, even if it states grounds for relief, where it fails to aver a tender of the amount admitted to be legally due;(b) and it is not sufficient to allege that he is "willing," or "that he has paid it into court."(c) It should be shown, as near as possible, what part is just and what part is unauthorized, and that which is just should be paid as a condition of obtaining the relief sought;(d) for without tendering what he ought in equity to pay, he will be liable for costs, but if he offers to pay it, his bill ought not to be dismissed, as he has a right to judgment for the remainder.(e)—[ED.

(r) Osborne Co. v. Blake, 19 Kans. 299; Powers v. Bowman, 53 Iowa, 359.

(s) Kimber v. Schuylkill, 20 Pa. St. 366; Hughes v. Kline, 30 Pa. St. 227; Everett's Appeal, 71 Pa. St. 216; Hutchinson v. Pittsburgh, 72 Pa. St. 320. See Cleghorne v. Postlewaite, 43 Ill. 428; Darling v. Gunn, 50 Ill. 424.

(t) Johnson v. Roberts, 102 Ill. 655; Meyer v. Rosenblatt, 8 Mo. App. 602; Kittle v. Shirvin, 11 Neb. 65; Meth. Epis. Church v. New York, 55 How. Pr. 57; Houston & Tex. R. Co. v. Presidio Co. 53 Tex. 518. See Matter of Mt. Morris Square, 2 Hill, 14; Stafford v. Albany, 6 Johns. 1; Matter of Beekman St. 20 Johns. 269; Matter of Canal St. 11 Wend. 154; Matter of Canal and Walker Sts. 12 N. Y. 406; Petition of Eager, 46 N. Y. 100; Western R. Co. v. Nolan, 48 N. Y. 513; Gravel Road Co. v. Black, 32 Ind. 468; Holton v. Bangor, 23 Me. 264; Stickney v. Bangor, 30 Me. 404; Gilpatrick v. Saco, 57 Me. 277; Richardson v. Scott, 47 Miss. 236; Kimber v. Schuylkill, 20 Pa. St. 366; Hughes v. Kline, 30 Pa. St. 227; Wharton v. Birmingham, 37 Pa. St. 371; Clinton School-dist. Appeal, 56 Pa. St. 315; Stewart v. Maple, 70 Pa. St. 221; Everett's Appeal, 71 Pa. St. 216; County Court v. Marr, 8 Humph. 634.

(u) Albany, etc., R. Co. v. Canaan, 16 Barb. 244; Merrill v. Humphrey, 24 Mich. 170; Lefferts v. Calumet, 21 Wis. 688; Milwaukee Iron Co. v. Hubbard, 29 Wis. 51; Republic Life Ins. Co. v. Pollak, 7 Chi. Leg. News, 357.

(v) Stokes v. Knarr, 11 Wis. 889; Dean v. Gleason, 16 Wis. 1.

(w) Trull v. Com'rs of Madison, 72 N. C. 388.

(x) Overall v. Ruenzi, 67 Mo. 203; London v. Town of Wilmington, 78 N. C. 109; Second Nat. Bank v. Kimball, 2 Morr. Trans. 463.

(y) German Nat. Bank v. Kimball, 15 Blatchf. 398; S. C. 12 Fed. Rep. 96, note; State Railroad Tax Cases, 92 U. S. 575; Pelton v. Nat. Bank, 101 U. S. 143; Cummings v. Nat. Bank, Id. 153; Williams v. Weaver, 100 U. S. 589; Merrill v. Humphrey, 24 Mich. 170; Frazer v. Siebern, 16 Ohio St. 611.

(z) San Jose Gas Co. v. January, 57 Cal. 614; Hunt v. Easterday, 10 Neb. 165.

(a) Mobile & O. R. Co. v. Moseley, 52 Miss. 127; Mullekin v. Reeves, 71 Ind. 281; Hagaman v. Clark Co. 19 Kans. 394; Worther v. Badgett, 32 Ark. 496; Litchfield v. Webster Co. 101 U. S. 773; Durfee v. Murray, 7 Bradw. 213.

(b) Johnson v. Roberts, 102 Ill. 655; Connors v. Detroit, 8 Reporter, 335; Jones v. Davis, Id. 122.

(c) Parmley v. St. Lawrence, St. P. & Mo. P. R. Co. 3 Dill. 25.

(d) Wilson v. Weber, 3 Bradw. 125. See State Railroad Tax Cases, 92 U. S. 575.

(e) Connors v. Detroit, 41 Mich. 128. See Rio Grande R. Co. v. Scanlan, 44 Tex. 649.